## Lewis May, Assignee, etc.,

v.

## First National Bank of Attleboro.

PLEADING.—When the pleader is stating his right or deriving his title, the construction most unfavorable to him will be adopted when there are in the plea allegations which are equivocal or uncertain. The demurrer to the plea in this case was properly sustained, as it was fatally defective in failing to aver that the grantor of appellant had any title to the real estate at the time of the execution of the voluntary assignment.

APPEAL from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed June 9, 1886.

Appellee commenced suit by attachment in the Superior Court of Cook county, and the attachment writ was levied upon certain real estate situate in Cook county. Appellant interpleaded, setting up a voluntary assignment for the benefit of creditors of the defendants in the attachment suit, executed in the State of New York, that plaintiff had actual notice of the deed of assignment and claims the real estate attached.

The interplea is in the following words:

"Now comes Lewis May, a citizen of the State of New York, by J. G. Norton, his attorney, and by leave of court interpleads anew herein according to the form of the statute in such case made and provided, and says that on the 12th day of July, 1884, the above named defendants, being copartners in trade, under the firm name of Halstead, Haines & Company, and doing business in the city and State of New York, and unab'e to pay their copartnership and individual debts, and being so insolvent they executed and delivered to him, the said Lewis May, their certain deed of assignment of the date last mentioned; which said deed was made, executed and acknowledged under and in conformity to the laws of the State of New York relating to general assignments by debtors for the ben-

May v. First National Bank of Attleboro.

efit of creditors, and was, with the certificate of acknowledgment thereof, with words and figures following to wit : (Here is set out the deed of assignment, in which the real estate is not particularly described.)   And the said Lewis May further says that said deed of assignment was duly recorded in the office of the clerk of the county of New York, in said State of New York, and clerk of the Supreme Court of said county and State, as required by the said laws of New York, on the day of the date thereof, and that he, the said Lewis May, accepted the said assignment as provided by said law, and took possession of the property therein described, so far as possible, and proceeded and still continues to apply the same according to the terms and provisions of said deed of assignment, and in pursuance of the said laws of the State of New York, and that the entire property so assigned and conveyed was at the time of making such assignment, and still is, inadequate to the payment of the debts of said defendants charged thereon.

"And the said Lewis May, interpleading, further states that the said deed of assignment was recorded in the recorder's office of Cook county, Illinois, on the 28th day of July, 1884, in book 1486 of records, at page 423, and that plaintiff herein had actual notice of the execution and delivery thereof prior to the commencement of this suit.

"Wherefore the said Lewis May, interpleading as aforesaid, says that the goods, chattels, credits and effects attached and seized, and the real property levied upon by virtue of the writ of attachment issued herein, were, at the time of such attachment and levy, and still are, the property of him, the said Lewis May, as assignee, under and by virtue of said deed of assignment, and not subject to attachment herein ; and this he is ready to verify.

"Wherefore he prays judgment, if the said goods, chattels, credits and effects ought to be detained, or further proceedings to be had against said real property by virtue of said writ herein."

To the interplea the court below sustained a demurrer and ordered the interplea to be dismissed.   The case comes here by appeal and the action of the court in sustaining the demurrer is assigned as error.

Mr. JAMES S. NORTON, for appellant.

Mr. GEORGE L. THATCHER, for appellee.

MORAN, J.   A point is made on the interplea, by counsel for appellee, which we do not feel at liberty to pass over, and which, as we regard it as well taken, precludes the consideration, by us, of the question raised upon the record by counsel for appellant.

The plea contains no sufficient averment that Halstead, Haines & Company held title to the real estate in question, at the time of the execution of the deed of assignment.   The only statement in the interplea, approaching an averment of title, is the following:

"Wherefore the said Lewis May, interpleading, says, that the goods, chattels, credits and effects attached and seized, and the real estate levied upon, by the writ of attachment issued herein, were at the time of the attachment and levy, and still are, the property of him, the said Lewis May, as assignee by virtue of said deed of assignment."   This is the mere averment of a conclusion of law from the facts previously alleged in the plea.   There is an omission in the pleadings and no intendments or inferences can be indulged in by the court to aid the party in whose pleading a material omission occurs.   The rule is, when the pleader is stating his right or deriving his title, the construction most unfavorable to him will be adopted, when there are in the plea allegations which are equivocal or uncertain: Woodworth v. Paine's Adm'rs, Breese, 375; Lemon v. Stevenson, 36 Ill. 52; Henkel v. Heyman, 91 Ill. 96.   The plea failing to aver that the grantors of appellant had any title to the real estate at the time of the execution of the voluntary assignment, was fatally defective, and the demurrer was correctly sustained.

Judgment affirmed.