MAGNOLIA ANTI-FRICTION METAL COMPANY, Respondent, *v.* SAMUEL SINGLEY *et al.*, Appellants.

*Supreme Court, First Department, General Term, January 10, 1890.*

*Pleadings. Definite and certain.*—Where an allegation in a pleading states that a party, by sale and assignment, became the owner of certain property, and that the assignor covenanted, etc., a motion to make it more definite and certain will be denied. It will be construed as meaning an assignment in writing.

Appeal from an order denying a motion requiring the plaintiff to make his complaint more definite and certain.

*Mason W. Tyler*, for appellants.

*Roger A. Pryor*, for respondent.

DANIELS, J.—The motion has been made under the authority of § 546 of the Code of Civil Procedure, providing that where one or more denials or allegations, contained in a pleading, are so indefinite, or uncertain, that the precise meaning, or application thereof, is not apparent, the court may require the pleading to be made definite and certain by amendment.

That part of the complaint which is affected by the motion is contained in its third paragraph. By this paragraph it has been alleged that :

III. That on or about the 23rd February, 1888, by sale and assignment from said Singley, plaintiff became sole owner of said formula, process and trade secret, and of any and all inventions theretofore made or which might thereafter be made by said Singley in the composition or manufacture of anti-friction metals ; that upon said sale and assignment said Singley covenanted with plaintiff to assist it in manufacturing and selling anti-friction metals, and not to assist others in any way, directly or indirectly, in the manufacture or sale of anti-friction metals in the United States without the consent of plaintiff ; and that under and pursuant to said covenant said Singley entered into the service of plaintiff, and for a time assisted plaintiff in the manufacture and sale of anti-friction metals.

It has been urged in support of the motion that it does not appear from the statements contained in this paragraph precisely the manner in which the plaintiff may have obtained the title to the subject-matter of the action. But this objection does not seem to be well founded. For it is stated that the plaintiff had become the sole owner of the process, formula, or trade secret in controversy, and that in the sale and assignment made the defendant Singley covenanted with

the plaintiff to assist it in manufacturing and selling anti-friction metals.

It is plainly to be inferred from this statement that the transfer relied upon by the plaintiff was received from the defendant Singley, and that it was by way of a sale and assignment in writing. For it is stated that he covenanted with the plaintiff to the effect mentioned in the complaint, and that could only be done by an instrument in writing from himself to the plaintiff. It accordingly, fairly and reasonably, appears from this statement in the complaint that the plaintiff derived its title directly from the defendant Singley, and that it was secured to it by an instrument in writing. No difficulty stands in the way of giving this construction to the statements contained in the paragraph, for a covenant necessarily implies a writing, and they are sufficient to disclose the manner in which the plaintiff derived its title upon which its right to prosecute the action depends, and the fact that the instrument from which it was derived was made by the defendant Singley and was in writing although the defendant was not entitled to have it stated that it was in writing.

This is all that the case requires in this respect. They made the pleading sufficiently definite and certain to render its precise meaning apparent. No difficulty stands in the way of entirely understanding this part of the plaintiff's case. It has been sufficiently disclosed and alleged, and the order should be affirmed with ten dollars costs, and also the disbursements.

VAN BRUNT, P. J., and BRADY, J., concur.