HENRY F. MILLER et al.

v.

MALCOLM STALKER.

*Filed at Ottawa October 11, 1895.*

1. EVIDENCE—*sworn answer under Burnt Records act not evidence.* A sworn answer in a proceeding under the Burnt Records act is not evidence as in an ordinary chancery proceeding, but has no other or greater weight as evidence than the petition.

2. BURNT RECORDS ACT—*petitioner under, need not show title from government.* A petitioner under the Burnt Records act need not show, by averments, that he derived his title mediately or immediately from the United States, but it is sufficient to show a valid title under the Statute of Limitations.

3. ADVERSE POSSESSION—*title by, good against all adverse claims.* A title acquired by possession and payment of taxes, in good faith, with color of title, for more than seven years, under the Revised Statutes (chap. 83, sec. 6,) can be used not only to protect the possession, but as against every one claiming adversely.

4. CLOUD—*on title may be removed by order of court.* Instruments which cloud the title of the owner of real property, and as against him have no rightful place upon the records of the county, may be ordered removed by the court.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. W. G. EWING, Judge, presiding.

This is a writ of error to the Superior Court of Cook county, to reverse a decree confirming title in defendant in error to lot 23, block 8, school section addition to Chicago, under the Burnt Records act. A demurrer being sustained to the original petition, an amended one was filed, which the defendants answered, and the petitioner replied. He afterwards obtained leave of court to withdraw his replication and file a second amended petition. In it he alleged that at the time of the destruction of the records therein mentioned he was, and now is, the owner in fee simple absolute, and is now in the exclusive possession of the premises in question, and that his title thereto was derived in the manner following:

"*First*—That on the fourth day of August, 1846, John Govro, and Elizabeth Govro, his wife, in good faith sold, and by their deed conveyed, to Amable H. Badeaux, said lot, etc., which said deed was duly recorded in the office of the recorder of said county on the 19th day of August, 1846, in book 21, at page 122.

"*Second*—That on the 19th day of August, 1848, the said Amable H. Badeaux, in good faith, and relying upon his said deed from the said John Govro, and Elizabeth Govro, his wife, sold, and by his written contract agreed, for a good and valuable consideration in good faith paid by your orator to said Badeaux, with your orator, Malcolm Stalker, to execute and deliver to your orator a deed to said lot 23, etc., which said written contract was made by your orator with the said Badeaux in good faith, and was duly recorded in the office of the recorder of said county on said 19th day of August, 1848, in book 27, at page 404.

"*Third*—That on the second day of August, 1849, the said Amable H. Badeaux, in good faith, and relying upon his said deed from the said John Govro, and Elizabeth Govro, his wife, and in pursuance of his said written contract with your orator aforesaid, by his deed conveyed, for a good and valuable consideration paid, in good faith, by your orator to said Badeaux, in accordance with the terms of said written contract, to your orator, Malcolm Stalker, the said lot 23, etc., and your orator so purchased said premises and accepted said deed from the said Amable H. Badeaux in good faith, which said deed was duly recorded in the office of the recorder of said county on said second day of August, 1849, in book 23, page 61.

"*Fourth*—That on the 12th day of March, 1859, the said Malcolm Stalker, and his wife, Mary Ann Stalker, by their deed conveyed to Arthur Meglade said lot 23, etc., in trust, for the sole use and benefit of the said Mary Ann Stalker, her heirs and assigns, which deed was duly re-

corded in the office of the recorder of said county on the 22d day of August, 1859, in book 168, page 505.

"*Fifth*—That on the 21st day of January, 1861, the said Arthur Meglade, and Ann M. Meglade, his wife, and the said Mary Ann Stalker, by their quit-claim deed, conveyed to Malcolm Stalker, your orator, said lot 23, etc., which said deed was duly recorded in the office of the recorder of said county on the seventh day of June, 1861, in book 345, at page 612.

"*Sixth*—That on the 10th day of April, 1876, the said Malcolm Stalker, and Mary Ann Stalker, his wife, by their deed conveyed said lot 23, etc., to William W. Evans, which deed was duly recorded in the office of the recorder of said county on the 11th day of April, 1876, in book 610, at page 451.

"*Seventh*—That on the said 10th day of April, 1876, the said William W. Evans, a bachelor, by his deed conveyed said lot 23, etc., to Mary Ann Stalker, which deed was duly recorded in the office of the recorder of said county on the 11th day of April, 1876, in book 569, at page 573.

"*Eighth*—That on the 23d day of December, 1890, the said Mary Ann Stalker, by her deed conveyed to your orator, her husband, the said lot 23, etc., which deed was duly recorded in the office of the recorder of said county on the 29th day of May, 1893, in book 4253, at page 188."

It is then alleged, that "on or about the said 19th day of August, 1848, petitioner, relying upon his contract for a deed to the premises by said Amable H. Badeaux, entered into possession thereof, and has, throughout the whole period of time since then, together with his said wife, Mary Ann Stalker, resided upon the same and held and controlled peaceable, uninterrupted, open, adverse, notorious and exclusive possession of the whole of said premises; that relying, in good faith, upon his said contract for a deed, as aforesaid, and upon his deed executed and delivered in accordance with said contract by said Badeaux, and upon his possession aforesaid, he has paid

all taxes and assessments levied and assessed against the said premises from the 2d day of August, 1849, to the present time, for such time or times, during such period, as the title to said premises aforesaid was in the name of your orator, to-wit, from the 2d day of August, 1849, to the 12th day of March, 1859, from the 21st day of January, 1861, to the 10th day of April, 1876, and from the 23d day of December, 1890, to the present time; and that, so relying as aforesaid, the said wife of your orator, Mary Ann Stalker, has paid all taxes and assessments levied or assessed against said property during all the remainder of said period."

It is further alleged, "that the following named persons are all the persons to whom said lands, or any part thereof, have been conveyed, and the deeds of said conveyances recorded in the office of the recorder of deeds of said Cook county, since the time of the destruction of the public records of said county and prior to the filing of this petition, and that the residence of such persons is as hereinafter stated: Malcolm Stalker, (this petitioner,) of Chicago, Ill.; Mary Ann Stalker, his wife, of Chicago, Ill.; William W. Evans, of Chicago, Ill.; that the following named persons are all the persons, to the knowledge and belief of your said orator, that own or claim any estate, in fee or otherwise, in said lands or any part thereof, and that their places of residence are as follows: Henry F. Miller, of Boston, Mass.; James G. Dwen, of Chicago, Ill.; Elizabeth G. Van Zandt, of Newport, R. I.; Mary C. Eastman, of Concord, N. H.; Sarah M. F. Duncan, of Haverhill, Mass.,—all of whom, as your orator is informed and believes, claim an estate or interest in said lands through, by or under one certain Thomas R. Greene; that the following named persons are in possession of said land or some portion thereof: Malcolm Stalker, (this petitioner,) Mary Ann Stalker, his wife, Michael Reed, Jacob Mitchell, James Carr, Mary McCallum; that said Mary Ann Stalker is in possession as the wife of

your orator, and the other persons as tenants of your orator, deriving their right of possession from him and paying a monthly rent to him, and that no other person is in possession of said land or any part thereof." Also, that Henry F. Miller, and the other parties claiming title as above stated, have conspired together to cloud the title of the petitioner to said lands, and have placed, or caused to be placed, upon the records of said Cook county, since the burning of said records, (as set forth in the petition,) the following described instruments, to-wit: First, an affidavit of James G. Dwen, subscribed and sworn to May 10, 1884, and recorded in the office of the recorder of said county on the 27th day of November, 1889, in book 2763, at page 80, setting out the names of certain persons as the heirs-at-law of said Thomas R. Greene; second, the last will and testament of Elizabeth Greene, widow of John H. Greene, of Providence, R. I., dated January 17, 1856, and recorded in the office of the recorder of said county on the 27th day of January, 1881, in book 1058, at page 227, said Elizabeth Greene having been named in said affidavit aforesaid as one of the heirs-at-law of said Thomas R. Greene. Then follows the averment that the public records of said county relating to the title of said lands were totally destroyed by fire on the 8th and 9th days of October, 1871, and that by reason of the destruction thereof and the claim of said parties the title of petitioner is clouded, etc., followed by the usual prayer in such cases.

The only defendants claiming title to the premises were these plaintiffs in error, and they filed a general and special demurrer to the petition, which was overruled, whereupon they filed their joint and several answer, denying the allegations in paragraphs 1 to 8, inclusive, of the petition, and the making and recording of the deeds as therein stated. With their answer they again demurred to the petition, on the ground that it did not show that the petitioner derived any title to the prop-

erty, by *mesne* conveyances or otherwise, from the United States, or that his grantor ever had any title to the same, and failed to show in what manner, if any, he derived title thereto, and also on the ground that it did not aver or show any·right or title to said lot, or the possession thereof, under any of the clauses of the Limitation act of this State.    They admit that they claim an estate in fee in the premises, and that under the deeds averred and set forth in complainant's first amended petition, filed February 10, 1894, the title to said lot was vested in fee in said Thomas R. Greene on November 29, 1847, and aver, "by virtue of divers deeds, wills, devises, descents and inheritances the title to said lot which was in said Thomas R. Greene, as aforesaid, and all right and title, at law and in equity, in and to said lot, has passed, descended, been conveyed to and is now vested in these defendants in fee," and claim that this court should, upon the hearing hereof, find and decree the title to said lot is in these defendants, and that the pretended title of complainant should be set aside, and pray such relief according to the statute in such cases enacted.    They deny that they have conspired to cloud complainant's title, or that he has any title to said lot, or that it has been rendered uncertain or unsafe.    Both the petition and answer were sworn to as required by the statute.

On the hearing, the petitioner introduced in evidence the several conveyances under which he claimed title, as set forth in paragraphs 1 to 8 of his petition.    He also offered a certified copy of the affidavit of James G. Dwen, dated May 10, 1884, and a certified copy of a will of Elizabeth Greene, set up in the petition.    He proved possession, payment of taxes and the destruction of the records, as alleged.    The only evidence introduced by the defendants was the first amended petition, sworn to by petitioner February 10, 1894.    The decree is in the usual form, confirming title in the petitioner, and finding that

the affidavit and will, under which defendants claim, tend to cloud complainant's title, and should be removed from the records of Cook county.

BEAM & COOKE, and JAMES DARLOW, for plaintiffs in error:

The answer of plaintiffs in error was sworn to, was responsive to the petition, and is therefore evidence which requires proof equivalent to the testimony of two witnesses to overcome it. *Stouffer* v. *Machen*, 16 Ill. 553; *Phelps* v. *White*, 18 id. 41; *Willdey* v. *Webster*, 42 id. 108; *Russell* v. *Russell*, 54 id. 250; *Cissna* v. *Walters*, 100 id. 623; *Hurd* v. *Ascherman*, 117 id. 504.

It was not necessary to allege or prove the destruction of the evidences of the chain of title, but only that the records, or any material part thereof, had been destroyed by fire, or otherwise, so that a connected chain of title could not be deduced therefrom. Rev. Stat. 1874, chap. 116, secs. 6, 11, 15.

The court, in such cases, is required to decree, not what the record showed before it was destroyed, but in whom the title is vested; and it was therefore competent, as was here done, to show a perfect possessory title, without making any proof of title antecedent to the possession. *Robinson* v. *Ferguson*, 78 Ill. 538.

In *Garrick* v. *Chamberlain*, 97 Ill. 620, this court held that section 23 of the Burnt Records act does not apply to one not seeking the aid of its provisions, who is in possession under his title and is made a defendant.

In *Gage* v. *Caraher*, 125 Ill. 454, this court held that this section of the Burnt Records act was not unconstitutional, as impairing the obligation of contracts.

Under the Burnt Records act the court will decree in favor of the better title, whether set up by the petitioner or by the defendants. *Robinson* v. *Ferguson*, 78 Ill. 538; *Gage* v. *DuPuy*, 134 id. 136.

CHARLES C. ARNOLD, for defendant in error:

When persons are made defendants and served with process, it becomes their duty to establish, by competent testimony, whatever title they have to the premises, if they desire to rely upon such title. *Smith* v. *Hutchinson*, 108 Ill. 666 ; *Gage* v. *Caraher*, 125 id. 447 ; *Gage* v. *DuPuy*, 127 id. 216; *Gage* v. *Gentzel*, 144 id. 455.

In *McDuffee* v. *Sinnott*, 119 Ill. 449, is clearly stated the doctrine that the Statute of Limitations is available as well for attack as for defense, even as against the one holding the record title.

In general terms, this court has pronounced upon the scope and intention of the Burnt Records act in *Smith* v. *Stevens*, 82 Ill. 556, in the following language: "It is emphatically a remedial act, and in accordance with a well established canon it must receive a liberal construction, and made to apply to all cases which, by a fair construction of its terms, it can be made to reach."

Cases in point on the question of color of title are *Holloway* v. *Clark*, 27 Ill. 483; *Hassett* v. *Ridgely*, 49 id. 197; *Brian* v. *Melton*, 125 id. 547.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The first ground of reversal insisted upon is, that the evidence introduced upon the hearing proved the title to the property in question, at the time of the destruction of the records, to be in plaintiffs in error, as shown by the record. This contention is based upon the fact that the first amended petition, which was introduced in evidence by the defendants, showed a regular chain of title from the government to Thomas R. Greene, and, as we understand counsel, they claim that the defendants' sworn answer so connects them with that record title as to prove ownership in them in fee. Conceding that the amended petition was competent and sufficient evidence, as against petitioner, to prove title in Thomas R. Greene by *mesne* conveyances from the United States, the posi-

tion that defendants have in any way connected them-
selves with that title is untenable. The sworn answer
in this proceeding is not evidence, as in an ordinary chan-
cery proceeding. It has no other or greater weight as
evidence than the petition. (2 Starr & Curtis, sec. 13,
chap. 116, p. 1998.) Moreover, the answer does not show
in what manner defendants acquired title from Thomas
R. Greene. The averment, "by virtue of divers deeds,
wills, devises," etc., amounts to nothing as proof of title.
It is no more than the statement of a mere conclusion.

It is again insisted, that the petitioner, by his petition
and proofs, failed to establish such title in himself as
would authorize a court of chancery to grant him the
relief prayed. The basis of this contention is that a pe-
titioner, under the Burnt Records act, must by proper
averments show that he derives his title mediately or
immediately from the United States. This position we
do not think is supported by the provisions of the act or
the decisions of this court. A person can certainly have
an absolutely good title to real estate in this State though
not able to show a connected chain of title from the
United States, and there is nothing in the Burnt Records
act which makes the owner of such a title an exception
to that rule. Section 11 prescribes what the petition
shall show, and it only requires the petitioner to state
the character and extent of the estate claimed by him,
and from whom and when and by what mode he derived
his title. By section 18 the defendant is required, if he
answers, to admit, confess and avoid or traverse all the
material allegations of the petition. It was said in *Smith*
v. *Hutchinson*, 108 Ill. 662 (on p. 666): "The petitioners
were only required to establish the validity of their own
title. The statute provided that they should make all
persons owning or claiming any estate in fee in the prem-
ises, and all persons in possession, and all persons to
whom the land had been conveyed and the deeds placed
on record since the destruction of the record, defend-

ants.  But when such persons were made defendants and were served with process, it became their duty to establish, by competent testimony, whatever title they had to the premises, if they desired to rely upon such title." It was also said in *Gage* v. *Gentzel*, 144 Ill. 450 (on p. 456): "The court, in such cases, is required to decree, not what the record showed before it was destroyed, but in whom the title is vested,"—citing section 15 of the statute. If, therefore, the petitioner, by his allegations and proof, established a *prima facie* valid title, from whatever source, he was entitled to the decree below unless the defendants showed a better one.

The petition alleges color of title, made in good faith, possession and payment of taxes for more than seven years, and sets out the color of title as being deeds of conveyance, duly executed, recorded, etc. We think there can be no serious doubt as to its sufficiency to show title in the petitioner under section 6, chapter 83, of the Revised Statutes, being the seven year statute of limitations of 1839. It is also clear, that when the requirements of that statute were complied with, by his obtaining color of title from Badeaux, in good faith, having actual possession of the premises and paying all taxes for more than seven years,—*i. e.*, to March 12, 1859,—he became possessed of a title which he could use, not only to protect his possession, but as against every one claiming adversely to him. (*Hale* v. *Gladfelder*, 52 Ill. 91; *McDuffee* v. *Sinnott*, 119 id. 449; *Gage* v. *Hampton*, 127 id. 87.) It was not necessary that he should show any title prior to the conveyance to himself, in order to make color of title in good faith. *Woodward* v. *Blanchard*, 16 Ill. 424; *Hassett* v. *Ridgely*, 49 id. 197; *Rawson* v. *Fox*, 65 id. 200; *Milliken* v. *Marlin*, 66 id. 13; *Burgett* v. *Taliaferro*, 118 id. 503; *Brian* v. *Melton*, 125 id. 647.

The proof fully sustained every material allegation of the petition necessary to establish color of title made in good faith, possession and payment of taxes. That

the deed from Badeaux to petitioner, dated August 2, 1849, is, under the repeated decisions òf this court, good color of title, is not questioned.   It seems clear, there-fore, that by the allegations of his petition and proofs the petitioner is entitled to be deemed the owner of the premises in question in fee, by the terms of the act of 1839, *supra.*

Plaintiffs in error also say the court below erred in finding in its decree that the affidavit of James G. Dwen and the recorded will of Elizabeth Greene tend to cloud petitioner's title and should be removed from the records of Cook county.   It is clear these instruments are a cloud upon petitioner's title, and, from what has already been said, as against him they have no rightful place upon the records of Cook county, and it is in that sense only that the decree orders them removed.

Other questions raised have been considered, but we find them unimportant.   There seems to be no reversible error shown in this record.                *Decree affirmed.*