THE SCHOOL DIRECTORS OF DISTRICT NO. 7, ETC.

*v.*

THE PEOPLE *ex rel.* Henry Heinreichs.

*Opinion filed June 21, 1900.*

SCHOOLS—*defeat of proposition to build school house does not excuse establishing school.* School directors have power to lease a suitable room or rooms for establishing a school without submitting the question to the electors, and they are not discharged from their duty in that regard by the failure of a proposition to build a school house, at an election held for that purpose.

APPEAL from the Circuit Court of Ford county; the Hon. JOHN H. MOFFETT, Judge, presiding.

Tipton & Tipton, S. P. Rady, and Cloud & Moffett, for appellants.

Schneider & Schneider, and A. L. Phillips, for appellee.

Mr. Justice Carter delivered the opinion of the court:

The court below overruled appellants' demurrer to the relator's petition, and, appellants refusing to plead further, entered final judgment awarding a peremptory writ of *mandamus,* commanding the appellants, as school directors of district No. 7, township 24, range 7, in said county of Ford, to take the necessary legal steps at once to establish a free school in said district out of moneys in the hands of the treasurer to the credit of said district, and to maintain the same during the school year as long as such funds will permit, and to that end to procure any suitable room or building in the district, and if no other room or building more suitable can be procured than the room offered by relator, Henry Heinreichs, that they accept, equip and use the same for such school according to his, said Heinreichs', offer mentioned in the bill, without rent or charge, if they elect not to allow any rental therefor; that they employ a competent teacher, to be paid out of such fund, to teach said school; that as soon as the law will permit they proceed to take proper steps to secure a levy and extension of taxes upon the taxable property in the district to maintain a school in the district for at least one hundred and ten days of the ensuing school year.   The appellants, who are the school directors commanded by the said judgment of the court below to perform the duties, as such directors, enjoined upon them by the statute, have appealed, and assigned for error that the petition was not sufficient in law and that the demurrer should have been sustained.

We are of the opinion that the petition is sufficient in its averments to show a clear right to the writ, and that

the court below decided correctly in overruling the various technical objections urged by appellants in support of their demurrer.  It seems to have been supposed by them that because the proposition to build a school house failed to carry, they were excused from the duty of establishing any school in the district.  In this they were mistaken.  The petition shows that this district was formed and the directors elected in June, 1898; that they organized by electing one of their number president and another secretary or clerk of the board, but that, notwithstanding there was sufficient money in the treasury for the purpose and that they have been requested by the relator and others, who are tax-payers and legal voters of the district, to establish a school in the district and to provide a suitable room and employ a competent teacher therefor, they have neglected and refused to do so.  The petition shows that sufficient children of proper school age reside in the district for such a school, and that by the neglect and omission of duty by the directors they are denied school privileges; that no school tax has been levied since the district was created; that the relator, Heinreichs, built a sufficient and suitable room for a school room near the center of the district and easy of access from all parts of the district, and tendered the same to the directors for a school room with or without the payment of rent, at the option of the directors, but that they refused to accept the same although they acknowledged its suitability.  The petition shows that one-half of the lands in the district are owned by one man; that the election upon the proposition to build a school house was held at his house, and that he had previously given notice to some of the legal voters not to trespass on his lands, and that as a result such voters remained away from the polls, and that in this and other improper ways he had caused the defeat of the proposition to build.  But whatever may have been the cause of the refusal of the legal voters to sanction the proposition to build a school

house, the directors were not discharged from their duty to establish and maintain a school in the district. They have power to obtain, by lease, a suitable room or rooms for the purpose without submitting that question to the electors, and the petition shows that they can obtain such a room at small cost, and even without any charge whatever.

We deem it unnecessary to follow counsel in their argument in support of their special grounds of demurrer. We regard the petition as sufficiently certain and specific, and as showing a clear case of neglect and disregard of official duty by these directors.

The judgment of the court below is right, and it will be affirmed.           *Judgment affirmed.*