[No. 1460, May 7, 1912.]

JOSEPH BROWN OLIVER and MILDRED D. OLIVER, Appellants, v. JOSE ENRIQUEZ, Appellee.

SYLLABUS (BY THE COURT).

1. Held, that a complaint, in a suit to quiet title, which states that "the plaintiff by virtue of divers deeds of conveyance, etc., from the Grant of the Colony of Refugio, and of long and continuous adverse possession under color of title, etc., are the owners in fee simple of the real estate described, fails to state facts sufficient to constitute a cause of action.

2. Held, that the allegation that plaintiffs were the owners in fee simple, was a conclusion of law, based upon the facts previously pleaded, and as the facts were not sufficient to show title in plaintiff, the allegations were insufficient.

3. Sub-section 274 of article 16 S. L. 1907 does not require a party to set forth any facts, as to the derivation of his title, but simply requires a statement of the ultimate fact as to his ownership, and whether he claims a fee simple estate, or other interest, whatever it may be.

Appeal from the District Court of Dona Ana County.

WADE & WADE, for Appellants.

Complaint states a cause of action. Sub-sec. 274, art. 16, Laws 1907; Ely v. N. M. & Arizona R. R. Co., 129 U. S. 32.

If the complaint states a cause of action the court was without jurisdiction to set the final decree aside and vacate the same. 16 Cyc. 505; 5 Enc. Pl. & Pr. 1049; U. S. v. Gwyn, 4 N. M. 635; Phillips v. Negley, 117 U. S. 665; Ex parte Sibald v. U. S., 12 Peters 488; Grames v. Hawley, 50 Fed. 319; Bronson v. Schulten, 104 U. S. 410; Banegas v. Brackett, 34 Pac. 344; Territory v. Armijo, 14 N. M. 202; U. S. v. Irrigation Co., 13 N. M. 406; Purnam v. Day, 22 Wall. 64; Terry v. Commercial Bank, 92 U. S. 454.

W. R. REBER, for Appellants.

An appeal does not lie from an order setting aside a judgment by default and continuing the cause. And an order opening a judgment by default and allowing the defendant to answer is not a final judgment upon which a writ of error or appeal will lie. 6 Ency. Pl. & Pr. 230-231; Court-McCollough v. Dodge, 8 Kas. 476; Territory v. Unknown owners Las Vegas Grant, 6 N. M. 87; Spaulding v. Thompson, 12 Ind. 477; Johnson v. Taylor, 2 Hand. 178.

Complaint does not set out sufficient facts to state a cause of action or to support the decree made in the cause. Turner v. White, 73 Cal. 294; Lewis v. Ravegns, 12 Pac. 161; Flax Pond Water Co. v. Lynn, 147 Mass. 31; Sutherland Code Pleading, vo. 1, par. 97, p. 81; Kidwell v. Keller, 146 Cal. 12; Gruwell v. Seybaldt, 82 Cal. 7; Floyd v. Nagle, 3 Ark. 568; Dane v. Cochita Ed. & Imp. Co., 13 N. M. 10; (?) Lake v. Security Loan Assn., 72 Ala. 207.

The liberal rule of construction applied to pleading where issue is joined is not to be employed in cases where judgment is taken by default. Dunn-Sullivan, 51 Al. 203; Sawyer v. Robertson, 11 Mont. 416; Cleveland v. C. C. St. L. R. R. Co. v. Tyler, 9 Ind. App. 689; Olds v. Mohler, 122 Ind. 594.

One who instead of pleading title generally undertakes

to allege title by adverse possession must bring himself within all the terms of the statute by sufficient allegations of facts especially including the duration of the possession for the requisite length of time. Duration of the possession for the requisite length of time required by the statute should be alleged. 13 Enc. Pl. & Pr. 286; Lick v. Diaz, 30 Cal. 65; Clarke v. Hughes, 13 Barb. 147; Portis v. Hill, 3 Tex. 273; McCloskey v. Barr, 38 Fed. Rep. 165; Ferrand v. Pelham, 2 L. J. ch. 2; Wadel v. Doyle, 16 Fla. 522; Gillis v. Black, 6 Ia. 442; People v. Van Rensellaer, 8 Barb. 189.

If the allegations in the bill taken *pro confesso* are not specific and certain, no decree can be correctly rendered. Marshall v. Tennant, 1 Ky. 155 Am. Dec. 155, 5 Enc. Pl. & Pr. 991-2 (Ky.) ; Citing Lancy v. Lancy, 4 Ind. 149; Close v. Hunt, 8 Blackf. Ind. 254; Ohio Con. R. R. Co. v. Central Tr. Co., 121 U. S. 83; Ohio Con. R. R. Co. v. Central Tr. Co., 131 U. S. 83, 33 Law Ed. 561.

Where there is any uncertainty in the allegations of a bill a final decree cannot be had from the complaint on a pro confesso without proof of the allegation on a motion for a decree. Close v. Hunt, 8 Blackf. (Ind.) 254; Fellows v. Shelmire Blackfr. 5 (Ind.) 148.

A final decree pro confesso without proof where the averments in the bill are not sufficiently precise and definite will be reversed on a bill of review for error apparent. Davis v. Speiden, 3 McArthur, (DC) 283 Expressly affirmed on this point in Davis v. Speiden, 104 U. S. 83.

At the hearing the course is for the court to hear the pleadings and pronounce the decree according to what is proper to be decreed upon the statements of the bill assumed to be true, and not permit the plaintiff to take at his own discretion such a decree as he can abide by. 5 Enc. Pl. & Pr. 999 citing: Geary v. Sheridan, 8 Ves. Jr. 192; Russell v. Lathrop, 122 Mass. 300; Rose v. Woodruff & Johns Ch. (N. Y.) 547; Higgens v. Carpenter Harr. (Mich.) 256; Thomson v. Worster, 114 U. S. 104 29 Law E. 105.

For an order taking the bill as confessed, although it

admits the facts alleged in the bill is not an admission that the plaintiff is entitled to equitable relief, unless authorized by the allegations of the bill, and the final decree may be against him notwithstanding the order pro confesso in his favor. Idem 1000-1.

Suffering a decree pro confesso is an admission of the facts which are well pleaded, but the decree does not aid or supplement a bill which does not state a good cause of action. Keil v. West, 21 Fla. 520; Belew v. Jones, 56 Miss. 342; Garland v. Hull, 13 Smed. & M. (Miss.) 76; West Feliciana R. Co. v. Stockett, 27 Miss. 739; Koster v. Miller, 149 Ill. 195.

The court has jurisdiction to make and render the order setting aside the decree pro confesso and final decree at the time of the rendition of said order.

A motion to set aside default is addressed to the sound discretion of the court and the exercise of that discretion will not be interfered with unless an issue of it is made manifest; it is a matter resting with the discretion of the court to whom the application is made whether the default is set aside and the appellate court will not interfere unless there has been a gross abuse of that discretion. Boyle v. Levy, 73 Ill. 175; City of Chicago v. Adams, 24 Ill. 492; McNulty v. Everett, 17 Ia. 581; National Bank v. Wentworth, 28 Kan. 183; Ramsey v. Gould, 4 Lans. (N. Y.) 476; Crebley v. Eidelbush, 24 Wis. 152; Cross Bay Navigation Co. v. Endicott, 34 Ore. 573; Considine v. Wells, 83 Ill. 192; Union Hyde & Leather Co. v. Wooly, 75 Ill. 435.

The setting aside of a default in a chancery suit is a matter of discretion the exercise of which by the court cannot be interfered with by the supreme court on appeal. Power v. Clement, 78 Ill. 20.

A decree pro confesso when irregularly entered as a matter of course will be set aside on a motion. 5 Am. & En. of Law, 1st ed. 506; Fellows v. Hall, 3 McL. C. C. 281; Thompson v. Goulding, 87 Mass. 82; Nash v. Wetmore, 33 Barb. 159; Curtis v. Ballaugh, 4 WW. ch. 639; Hall v. Lamb, 28 Vt. 85; Yost v. Anderson, 54 Miss. 40; Stewart v. Golden, 98 Ga. 479; sub-sec. 137, sec

2685, Comp. Laws 1897; sub-sec. 103, sec. 2685, Comp. Laws 1897; Ter. v. Armijo, 14 N. M. 202; Weaver v. Weaver, 113 Pac. 599; Jones v. Jones, 13 Ia. 276; Henderson v. Gibson, 19 Md. 234.

WADE & WADE, for Appellants in reply.

The decree was a final decree and not a default decree, and the authorities are unanimous in holding that there is no power in a court to vacate a final decree after the expiration of the term.  5 Enc. P. & P. 1049; 16 Cyc. 504; 6 Enc. P. & P. 168; National Metal Co. v. Green Consolidated C. Co., 80 Pac. 397; Horton v. Miller, 38 Pa. St. 270; Bronson v. Schulten, 104 U. S. 410; Root, et al. v. McHatton, 25 Pac. 1046; U. S. v. Irrigation Co. 13 N. M. 386; U. S. v. Gwyn, 4 N. M. 625; 2 Daniel's Chanc. Pl. & Pr. 994.

### STATEMENT OF FACTS.

This action was instituted in the District Court of Dona Ana County, by appellants, to quiet their title to certain real estate described in the complaint.  Service of summons was duly made upon the appellee, who failed to appear and judgment by default was entered against him, quieting the title to the real estate in appellants. Thereafter, and after the expiration of the term of court at which the judgment was entered, appellee moved to set aside the judgment upon the ground that the complaint, upon which the original judgment was based, did not state facts sufficient to constitute a cause of action, and upon certain other grounds, other than irregularity, which need not be stated.  The Court sustained the motion and set aside the judgment and appellants appeal.

### OPINION BY THE COURT.

ROBERTS, C. J.—Several grounds of error are presented by appellants, but in view of our conclusion, it is not necessary to give any consideration to them, as appellants admit that if the complaint fails to state facts sufficient to constitute a cause of action, the order of the

trial court in setting aside the judgment was properly made, even though the term at which it was entered had expired. Cyc. vol. 23, p. 905 lays down the rule, and it is supported by the uniform holding of practically all the courts, that

"Where a judgment is entirely void for want of jurisdiction the power to vacate it or set it aside is not limited to the term at which it was rendered, but may be exercised at a succeeding term."

And if the complaint failed to state facts sufficient to constitute a cause of action, the court had no jurisdiction to enter any judgment thereon.

The portion of the complaint necessary to consider, to dispose of the question as to its sufficiency, reads as follows:

"The plaintiffs, by Edward C. Wade, their attorney, complain of the above named defendant and complaining allege:

"1. That the plaintiffs, by virtue of divers deeds of conveyance and confirmation from the grant of the Colony of Refugio, a body corporate, and of long and continuous adverse possession under color of title by themselves and their predecessors in interest, are the owners in fee simple of the following tracts of land situated in the county of Dona Ana and Territory of New Mexico and in that certain land grant commonly known as the 'Refugio Colony Grant' confirmed by the Court of Private Land Claims to the Corporation of Refugio in and by a certain decree of July 13, 1901, that is to say,"

The pleader then sets out a full description of the real estate by metes and bounds.

Appellee contends that the above allegations do not show a fee simple title in appellants and that the statement as to the title of appellants is but a legal conclusion based upon and drawn from the facts previously pleaded. It requires no argument to sustain the proposition that a party, seeking to have his title quieted against an adverse claimant, must show title in himself, to the lands in controversy, and the complaint must allege, clearly and directly, and with certainty to a common intent.

such title in the plaintiff; 32 Cyc. 1350. It is also true that allegations respecting title must not be in the shape of legal conclusions, but the facts must be expressly averred, or other facts must be alleged from which the fact of title is necessarily inferred; 21 Enc. Pl. & Pr. 718.

The appellants, in their complaint do not allege that they are the owners in fee 'simple of the real estate described in the complaint, clearly and directly, but say ·"by virtue of divers deeds of conveyance and confirmation from the Grant of the ·Colony of Refugio and long .and continuous adverse possession, etc.," they are the ·owners in fee simple of the real estate. In vol. 21 Enc. Pl. & Pr. at page 719, this principle is announced: "An :averment that a person is possessed of property 'by virtue of' a deed of conveyance, etc., is merely an averment of .a conclusion of law, and is insufficient as an averment ·of 'title,' " and the text is fully supported by the cases of Turner v. White, 73 Cal. 299; Miller v. Stalker, 158 Ill. 514; and May v. Attelboro First Nat. Bank. 19 Ill. App. 604. See also Street v. Sederburg, 92 Pac. 29, where the Supreme Court of Colorado reviews the authorities.

If the facts stated in the pleading, from which the con·clusion of law is drawn, are in themselves sufficient to state a cause of action, of course the conclusion drawn therefrom could be treated as surplusage and disregarded, but in the case now before the Court, the facts stated are clearly insufficient. We do not understand appellants to contend that the allegations of title by adverse possession are sufficient, and of course such contention would be wholly without merit, for where one undertakes to allege that he has title by adverse pos·session he must allege that his possession was attended by all the circumstances requisite to constitute such adverse possession, 13 Enc. ,Pl. & Pr., 285, and therefore no further attention need be devoted to this proposition.

The complaint does not show that the Colony of Refugio, from whom title is deraigned, ever had title to the real estate in controversy. It is true there is an alle·gation that this land, with other real estate, was con-

firmed by the Court of Private Land Claims to the "Corporation of Refugio," but the complaint does not say that the "Colony of Refugio" and the "Corporation of Refugio" are one and the same, or that the "Corporation of Refugio" ever conveyed to the "Colony of Refugio," or that the original grantor was the owner in fee simple of the real estate, at the time it conveyed same, and, as we understand the effect of a confirmation by the Court of Private Land Claims, it simply effected a release of claim of title by the United States government and did not affect private rights of persons, as between themselves and other claimants or persons; in other words, such confirmation did not purpose to convey title, hence the allegations in the complaint amount to nothing more than that the plaintiffs, by virtue of certain deeds and confirmation, (from a party, not shown to have been the owner in fee simple, of the real estate) were the owners in fee simple of the real estate. This conclusion, that they are the owners in fee simple, necessarily depends upon the deeds, etc., from the Colony of Refugio, and if in fact the Colony of Refugio had no title, or the conveyances were not sufficient to pass title, the appellants would have no interest in the real estate. The fee simple title of the appellants depend altogether upon the facts previously pleaded, and these facts are not sufficient to support the conclusion. This is an omission in the pleading and no intendments or inferences can be indulged in by the Court to aid the party in whose pleading a material omission occurs, Street v. Sederburg (Colo.) 92 Pac. 29, and especially should this rule be applied where a cause has not been heard on the merits.

The error, on the part of appellants in drafting their complaint, was doubtless occasioned by a misconstruction of sub-section 274 of article 16 of the Session Laws of 1907, which provides that the plaintiff must set forth "the nature and extent of his estate," in actions to quiet title. This section does not require a party to set forth any facts, as to the derivation of his title, but simply requires a statements of the ultimate fact as to his ownership, and whether he claims a fee simple es-

tate, or life estate, or other interest, whatever it may be. Had the appellants simply alleged that they were the owners in fee simple of the real state dscribed, the complaint would have been sufficient in that regard. Ely v. The New Mexico & Arizona Railroad Co., 129 U. S. 291.

The appellants cite the case of Gabe v. Root, 92 Ind. 256; Fudickar v. East Riverside Irrigation District, 41 Pac. 1024, (Cal.); Stoddart v. Burge, 53 Cal. 295, and Magnolia Anti-Friction Co. v. Singley, 8 N. Y. Supp. 463, as supporting their contention that the complaint in this cause states facts sufficient, but a careful reading of the cases will show that they do not conflict with our conclusion.

From what we have said it follows that the complaint, upon which the default judgment was based, fails to state facts sufficient to constitute a cause of action, therefore the Court had jurisdiction to set aside the judgment even though the term of court at which such judgment was rendered had expired, and the order of the Court thereon was not a final judgment from which an appeal would lie. The appeal is therefore dismissed, and the cause remanded to the District Court of Dona Ana County for further proceedings consistent with this opinion.

SYLLABUS (BY THE COURT).

