**The People of the State of Illinois ex rel. Thomas David et al., Appellees, v. Marion L. Pearson et al., Board of Education of Community High School District No. 128, Mercer County, Illinois, Appellants.**

### Gen. No. 7,329.

1. SCHOOLS AND EDUCATION—*duty of board of education to establish school.* The failure on the part of the legal voters of a high school district to authorize the construction of a school building does not excuse the board of education from the duty of establishing a school in the district.

2. SCHOOLS AND EDUCATION—*what constitutes conducting public school.* Requiring or permitting all the children of a school district to attend other schools is not conducting a school as contemplated by statute.

3. SCHOOLS AND EDUCATION—*unsuitability and want of repair of only available building as excuse for discontinuing school.* As the board of education of a high school district has power to repair and put in condition a building where the school is conducted, the fact that the building which has been used for a school is unsuitable and is the only building available in the district, will not excuse the board for discontinuing the school and transferring the pupils to other districts.

4. PLEADING—*when allegation as to ownership ineffective as mere conclusion.* In mandamus proceedings to compel the board of education of a high school district to operate and maintain a high school in the district, where defendants sought to justify their refusal to maintain a high school upon their inability to lease a building, the allegation in their answer, that a member of the board owns an undivided interest in the only building available for school purposes, is merely a conclusion of the pleader and was not admitted by relators' demurrer thereto.

5. SCHOOLS AND EDUCATION—*when mandamus to compel establishment of school proper.* A writ of mandamus was properly issued to compel the board of education of a high school district to maintain a school where the only defense was that no suitable building was available for the purpose but there was nothing in the answer to show that the building which theretofore had been used could not be put in condition for school purposes at a reasonable expense.

Appeal by defendants from the Circuit Court of Mercer county; the Hon. WILLIAM T. CHURCH, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed July 26, 1924.

WATSON, DUVALL & KADYK, for appellants.

CHURCH & MANNON, for appellees.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This proceeding was instituted in the circuit court of Mercer county by the filing of a petition for mandamus in the name of The People of the State of Illinois, on the relation of Thomas David and others, representing themselves to be taxpayers and legal voters residing in the Community High School District No. 128, Mercer County, Illinois, against Marion L. Pearson and others, Board of Education of said Community High School District No. 128, for the purpose of compelling said Board of Education to operate and maintain a high school in said Community High School District.

The petition states that Community High School District No. 128 comprises approximately thirty-one sections of land, nineteen of which are in Preemption township and in Mercer County, twelve of which are in Bowling township, Rock Island county; that said district was duly organized and established and the Board of Education duly elected and qualified; that the attendance at said school was to wit, eight pupils during the school year 1920-1921, eighteen pupils during the school year 1921-1922, twenty-five pupils during the school year 1922-1923, and that at the time of the filing of the said petition there were, to wit, fifty pupils qualified to be in attendance at the said high school.

The petitioners further charge that the sum of $3,000 was levied during the school year of 1922-1923 for educational purposes and on the 7th day of August, 1923, a certificate of levy was filed with the county clerk of Mercer county, certifying that $2,000 was levied for educational purposes and that the treasurer of said school district had, to wit, $1,875.64, in his hands at the time the said petition was filed.

The petitioners aver that a resolution by a majority of the members of the school board was adopted on June 13, 1923, which resolution provided for the discontinuance of the school and the sending of the pupils to other schools where the tuition would not be over $75, and aver that the said resolution is contrary to the duties of the said Board of Education of said Community High School District, as provided by the statutes of the State of Illinois; that the said Board of Education, although required to conduct a community high school in said district, refused and neglected to comply with their duties and such request, and have refused and still refuse to take any action for the maintenance of a school for the benefit of the pupils in said district, qualified to attend high school, which said petition prays that a writ of mandamus may be

issued against the members of the Board of Education of said Community High School District commanding them to proceed forthwith to conduct a high school in said district, and for such further orders as may seem proper to the court.

The petition was duly verified by the affidavit of Thomas David, one of the relators, and after service of summons on the members of the Board of Education, Marion L. Pearson, Charles L. Peterson and John McManus, a majority of the Board of Education of Community High School District No. 128, put in their answer to said petition.

J. C. Pitman and Ned Armstrong, two of the relators in said petition, are also members of the Board of Education, but they did not join in the answer. The answer of the Board of Education joined in by Marion L. Pearson, Charles L. Peterson and John McManus admits the extent of the boundaries of the said Community High School District and admits the organization of the said district. There is a denial that the number of pupils in attendance upon the said school during the various years subsequent to its organization was the same as set up in the petition filed herein and as to the funds in the hands of the treasurer of said district that fact was neither admitted nor denied by the answer. The answer also admits the resolution adopted on the 13th day of June, 1923, which was as follows: "Motion made and seconded to discontinue the school for the year, 1923-1924, and let the scholars go to any school they might choose, the board to pay the tuition to the amount of $75 or thereabout," and the defendants deny in their answer that this resolution was and is contrary to the duties imposed upon them as members of the Board of Education of said Community High School District.

It appears from the answer that two elections have been held for the purpose of voting on the proposition of erecting a high school building, and that this has

been defeated in both instances; that the Board of Education during the time school has been conducted in the said district has had under lease the second story of a two-story brick building in the Village of Preemption in said district and that the reason for the discontinuance of said school was on account of the fact that the second floor of said building was not a proper and safe place wherein to conduct a high school in said district.

It is further set up in the answer that the second floor of the building referred to was and is the only available building in the district in which to conduct a high school; that the Board of Education would be required to expend not less than, to wit, $294, as a per capita cost of maintaining said school for the year 1924; that because of the facts mentioned in the said answer the said Board of Education deemed it advisable to send the children of said district to some other school and to that end adopted the resolution above set forth and made arrangements with the boards of education of the high schools located in the Villages of Sherrard and Reynolds, the location of the former being approximately 5½ or 6 miles from the center of the said District No. 128, and the latter place being about 3 miles from the center of said district and that the arrangements so made with the respective boards of education provided that any student or students from said Community High School District No. 128 should be taught at a cost per pupil not greater than the per capita cost of maintaining the high school attended by them.

The answer was demurred to, generally and specially, and the demurrer was sustained. Appellants elected to stand by their answer, whereupon a peremptory writ of mandamus was ordered issued as prayed for in the petition. From the order directing the issuing of the writ of mandamus, appellants prosecute this appeal, and assign as their reasons for a reversal

the following: (1) The court erred in sustaining the demurrer of the relators to the answer of the Board of Education of Community High School District No. 128, Mercer County, Illinois, defendant herein. (2) The court erred in entering an order herein finding that a peremptory decree of mandamus should be awarded herein as prayed for in the said petition of the relators.

The question to be determined in this proceeding arises upon the pleadings and is whether or not the answer was sufficient to justify the appellants in refusing to maintain a school. The demurrer to the answer admits all of the facts that are well pleaded.

The failure on the part of the legal voters of the district to authorize the construction of a school building does not excuse the Board of Education from the duty of establishing a school in the district. The statute provides, among other things, that the Board of Education shall establish and support free schools for not less than seven months in each year; buy or lease one or more sites for schoolhouses with necessary grounds, and repair and improve schoolhouses and furnish them with the necessary fixtures, furniture, apparatus, libraries and fuel. Boards of education have all the powers of school directors, and additional powers. [Cahill's Ill. St. ch. 122, ¶ 137.]

In *School Directors v. People,* 186 Ill. 331, in discussing the question of the duty of school directors, at page 333 the court said: "It seems to have been supposed by them (meaning the directors) that because the proposition to build a schoolhouse failed to carry, they were excused from the duty of establishing any school in the district. In this they were mistaken. The petition shows that this district was formed and the directors elected in June, 1898; that they organized by electing one of their number president and another secretary or clerk of the board, but that, notwithstanding there was sufficient money in

the treasury for the purpose and that they have been requested by the relator and others, who are taxpayers and legal voters of the district, to establish a school in the district and to provide a suitable room and employ a competent teacher therefor, they have neglected and refused to do so. The petition shows that sufficient children of proper school age reside in the district for such a school, and that by the neglect and omission of duty by the directors they are denied school privileges; that no school tax has been levied since the district was created; that the relator, Heinreichs, built a sufficient and suitable room for a schoolroom near the center of the district and easy of access from all parts of the district, and tendered the same to the directors for a schoolroom with or without the payment of rent, at the option of the directors, but that they refused to accept the same although they acknowledged its suitability. The petition shows that one-half of the lands in the district are owned by one man; that the election upon the proposition to build a schoolhouse was held at his house, and that he had previously given notice to some of the legal voters not to trespass on his lands, and that as a result such voters remained away from the polls, and that in this and other improper ways he had caused the defeat of the proposition to build. But whatever may have been the cause of the refusal of the legal voters to sanction the proposition to build a schoolhouse, the directors were not discharged from their duty to establish and maintain a school in the district. They have power to obtain, by lease, a suitable room or rooms for the purpose without submitting that question to the electors, and the petition shows that they can obtain such a room at small cost, and even without any charge whatever.''

The position assumed by appellants if sustained would work a dissolution of the district. Section 89h

of the School Law, Cahill's Ill. St. ch. 122, page 3074, provides: "If any community high school district organized under any of the provisions of this Act or organized under any statute in force at the time of its organization or legalized by any statute shall, for one year, fail to maintain a recognized high school or fail to levy a tax sufficient for school purposes, its corporate existence as a high school district shall be discontinued and all assets of said high school district shall be distributed in the manner provided in section 92 of this Act."

The answer of the respondents admits that there are at least seventeen children in the district qualified to attend a high school.

Requiring or permitting all the children of the school district to attend other schools is not conducting a school as contemplated by the statute. *People v. Covalt*, 297 Ill. 621-624.

The school law will permit the transfer of all the pupils only, whenever the number of children of school age shall be fewer than six. Cahill's Ill. St. ch. 122, ¶ 129, sec. 121.

Appellants seek to justify the action of the majority of the board on the ground that the building in which the school has been heretofore conducted is unsuitable, and that it is the only available building in the district, and is owned in part by one of the members of the Board of Education. The fact that the building at present may be unsuitable is no excuse, as we have already seen, that the board has the power to make repairs and put the building in proper condition.

Relative to one of the members of the board being owner in part of the building and premises in which the school was held, the only allegation in the answer as to such ownership is as follows, "which building and the lot on which the same is located is owned by the defendant J. C. Pitman and others and said J. C.

Pitman owns an undivided interest in the same." At no other place in the answer is there any reference to the ownership of such building and the question is, does the language used call for a denial on the part of the relators? By reason of the language used, no fact or circumstance is alleged as to how this ownership is determined. To answer that such building is not owned by J. C. Pitman and that the said J. C. Pitman does not own an undivided interest in the same would be a mere legal conclusion. The foundation of such justification being appellants' inability to obtain a lease of the building in question, it is incumbent upon them to set up such facts and circumstances so that the relators might be informed of the basis of the justification.

As appellants justify their refusal to conduct a high school upon their inability to lease a building, such allegation of their mere legal conclusion is insufficient and the demurrer to the answer does not admit that such building is owned by J. C. Pitman or that he has any interest therein.

In volume 12 of the Encyclopedia of Pleading and Practice, at page 1020 it is said: "To constitute good pleading the *facts alone must* be alleged. It is a general rule which applies to all pleadings, whether at common law, in equity, or under the codes, the legal conclusions *should not be pleaded,* and that a bill, answer, complaint, declaration, or other pleading is bad if it contains nothing more than the bare averment of a legal conclusion."

In volume 18 of Ruling Case Law, page 350, under the head of "Mandamus" it is said: "By the filing of a demurrer to the return the relator, *barring mere legal conclusions, inferences, and comments in the return,* elects to stand on the admissions and allegations of fact *well pleaded* in the return. They are taken as true and all allegations of the petition sufficiently traversed by the return are taken as false. But al-

legations in an answer to a petition for a writ of mandamus which are in effect but conclusions of law are *not admitted* by *demurrer.*"

In *Miller v. Stalker,* 158 Ill. 514, the answer of the defendant averred that: "by virtue of divers deeds, wills, devises, descents and inheritances the title to said lot was in said Thomas R. Greene, as aforesaid." Of this the court said: "The averment, 'by virtue of divers deeds, wills, devises, descents and inheritances,' amounts to nothing as proof of title. It is no more than the statement of a mere conclusion."

We are of the opinion that the part of the answer relied upon by appellants, that a member of the Board of Education owned an undivided interest in the building available for school purposes, is merely a conclusion of the pleader; that there is nothing in the answer to show that the building in which the school was held could not be put in condition for school purposes at a reasonable expense.

We conclude, therefore, that the court properly sustained the demurrer to the answer and that no error was committed in awarding the writ of mandamus, and the order will be affirmed accordingly.

*Affirmed.*