January Term 1862.

BECKWITH v. PHILLEO et al.

---

## BECKWITH vs. PHILLEO and others.

To maintain replevin, the plaintiff must have, at the commencement of the action, a general or special property in the thing replevied, and the right of possession.

A gave his bond to convey to B certain timbered lands on the delivery of a certain amount of lumber, part at the execution of the bond and the rest in annual instalments, at the sawmill on the premises; B to pay the taxes and to have possession and use of the premises "without impeachment of waste or claim of damages against him," so long as he performed the conditions on his part to be performed. B assigned the bond to C. In replevin by A against C for lumber manufactured from timber cut by him on said lands after January 1, 1858, there was some evidence that an instalment of lumber due on that day had not been paid. Held, that B had a right, under the contract, to cut timber from the land, and that such right passed to his assignee.

Held further, that a default of C in not delivering the instalment of lumber when due, did not give A any property in the lumber in controversy, and he could not maintain replevin for it.

January Term, 1862.

BECKWITH
v.
PHILLEO et al.

APPEAL from the Circuit Court for *Columbia* County.

Replevin for lumber, commenced in the Wood circuit court, and removed for trial to the circuit court for Columbia county. The title bond referred to in the opinion of the court, was a penal bond, the condition of which, after reciting that *Beckwith* had agreed to sell and convey certain lands to one Palfrey, for which Palfrey was to pay in lumber at the saw mill on the premises, part at the execution of the bond, and the residue in equal annual instalments, and also to pay the taxes on the property, stated that the said Palfrey should "have the possession and use of said premises without impeachment of waste or claim of damage against him, the said Palfrey, as long as he performs the conditions herein contained, on his part to be performed," and that if he should fail in the performance of any of the covenants and conditions on his part to be performed, or if, on such performance, *Beckwith* should execute to him a sufficient deed, &c., then said obligation should be void. The bond was assigned to the defendants *Philleo, Benchley & Hall*, and this action was brought against them in December, 1858, to recover a quantity of lumber manufactured by them out of timber cut upon the land referred to, in the summer and fall of 1858. There was proof on the part of the plaintiff, tending to show that an instalment of lumber due under the contract on the 1st of January, 1858, had not been paid. The defendants introduced evidence for the purpose of showing that in February, 1858, they offered the plaintiff the amount of lumber then due, and that he examined it and said he thought he could not get it out, and they could use it if they wished, and pay him afterwards. There was evidence also of a demand of the lumber by the plaintiff, shortly before the commencement of this suit, and of a failure by the defendants to deliver it.

The defendants asked the following instructions: " 1. That in order for the plaintiff to recover in this action, the defendants must have cut the timber from which the lumber was manufactured, willfully, as trespassers. 2. The defendants were not trespassers, if they went into possession of the land under the written contract read in evidence, and remained

in possession up to the time of cutting the timber. 3. The right of the plaintiff to declare the contract forfeited did not make the plaintiff the owner of the lumber cut from the land covered by said contract. 4. The contract read in evidence was in force until the plaintiff notified the defendants that he elected to consider it forfeited. 5. The contract read in evidence gave the defendants the right to cut timber while it was in force. 6. If the defendants had the right to cut the timber at the time of cutting it, no subsequent failure or refusal to perform the contract on the part of the defendants could make the lumber manufactured from the timber the personal property of the plaintiff. 7. Independent of the question whether the bond is a valid bond to compel the conveyance of the land, and in and of itself to give the defendants the right of possession, and the right to cut timber, if the plaintiff knew that the defendants went into possession of said mill and land, claiming under said contract and assignment thereof, and acquiesced in it by treating with the defendants about payments under it, it would amount to leave and license to cut the timber, until such time as the plaintiff should notify the defendants not to cut any more. 8. If the defendants had leave and license to cut the timber, the plaintiff cannot recover."

The court gave the sixth and eighth of these instructions, and refused the others. The court further instructed the jury as follows: "The law is, that the owner of the land may pursue and recover the lumber made out of the timber severed from it without his permission. The defendants have introduced a title bond for the land from the plaintiff to one Palfrey, and assigned to the defendants; which bond, I instruct you, is assignable, and gives the defendants, as assignees of the bond, the right of possession of the premises, and to cut timber from the land for the manufacture of lumber, sufficient to pay the instalments upon the bond; and further, in case they performed their bond, the right to cut timber generally, without any charge of waste. If the defendants performed the conditions of the bond, or were excused from performance by the plaintiff, then they had a right to cut timber and make lumber from the land. If they

January Term,
1862.

BECKWITH
v.
PHILLEO et al.

January Term, 1862.

BECKWITH
v.
PHILLEO et al.

did not so perform, or were not excused from such performance by the plaintiff, then they would be liable to the plaintiff, and the plaintiff might recover the lumber made from the timber cut from the lands, notwithstanding the bond."

Verdict for the plaintiff; motion for a new trial overruled; and judgment upon the verdict.

*W. C. Webb*, for appellants:

The defendants having entered into possession of the premises with the knowledge and assent of the plaintiff, claiming title under the bond as assignees, the plaintiff could only oust them from possession by an action of ejectment, or foreclose their equities under the bond; and can not maintain *replevin* for lumber manufactured by them from the land during their open, notorious and exclusive possession of it under such claim of title, whether they performed the conditions of the bond or not. *Halleck v. Mixer*, 16 Cal., 574.; *Rich v. Baker*, 3 Denio, 79. In actions of replevin the plaintiff's right to the *immediate* possession of the property must be complete at the time of the commencement of the action. R. S., chap. 128, secs. 1 and 2; 27 Miss., 198; 16 Ark., 90. Replevin is not the form of action in which to try conflicting claims to land. *Baker v. Howell*, 6 Serg. & R., 476; *Brown v. Caldwell*, 10 id., 114; *Halleck v. Mixer, supra.* " Replevin cannot be maintained when the plaintiff can make title to the *chattel* only by making title to the land from which it was severed." *Powell v. Smith*, 2 Watts, 126; 16 Cal., 574. "Replevin will not lie by one not in the actual, exclusive possession of land, whatever title he may claim, against one who is in the actual, visible, notorious occupancy and possession thereof, claiming right thereto." 10 Serg. & R., 114; *Harlan v. Harlan*, 15 Penn. St., 507; *Snyder v. Vaux*, 2 Rawle, 423. When the owner is out of possession at the time of the commission of the tort, he cannot recover in replevin. 3 Denio, 79; 9 Miss., 259.

*Wheeler & Kimball*, for respondent:

A bond or contract for the sale of real estate does not give the purchaser a right of possession, or right to cut timber, without an express stipulation to that effect. The words "without impeachment of waste," gave to Palfrey a right or

January Term,. 1862.

Beckwith
v.
Phileo et al.

license to cut timber. This contract may be assignable like other contracts, so far as to give the assignee a right to enforce a conveyance of the land upon completing the payments ; but that part of it which gives Palfrey the right of possession and use, without impeachment of waste, is not assignable. The license contained in the contract is a personal trust or privilege, confined to Palfrey alone by law, as well as by the terms of the contract. *Prince vs. Case*, 2 Am. Lead. Cas., 727 ; *Jackson vs. Babcock*, 4 Johns., 418 ; 4 Greenl. Cruise, title 32, chap. 8, p. 122, note. If the license contained in the contract was assignable, it was revoked by a forfeiture, and all timber cut after the forfeiture by the default in payment, was as if cut by any other trespasser, and belonged to the plaintiff. 7 Johns., 233 ; 9 id. 331, 335.

*By the Court*, COLE, J. We cannot understand upon what principle the judgment in this case can be sustained. The action is replevin, to recover a certain quantity of pine lumber alleged to be wrongfully detained by the appellants, and of course cannot be maintained unless at the commencement of the suit the respondent had the general or special property in the lumber, and the right of possession.

May 15.

It appears from the case that the appellants were in possession of a saw mill and timber lands, upon which pine logs were cut, out of which the lumber in controversy was manufactured, under and by virtue of a title bond given by the respondent to one Palfrey, and which had been assigned to them. The bond recited that the obligor had covenanted and agreed to sell and convey by a good and sufficient deed of conveyance, the lands therein mentioned, upon being paid an amount of lumber in instalments according to the conditions of the bond. Palfrey was to have possession and use of the premises so long as he performed the conditions of the bond in making payments, &c., and when the payments were all made, was entitled to his deed. An instalment of lumber not being paid when due, a demand was made for the amount due on the contract, and this suit brought.

There can be no doubt that the bond and contract for the

January Term, 1862.

BECKWITH
v.
PHILLEO et al.

sale of the mill was assignable. By its terms, the purchaser or assignee had not only the right to the immediate entry and possession of the premises, but the right, without restraint, of cutting timber from the lands, manufacturing it into lumber, and selling the same, so long as the instalments and taxes were paid as specified in the bond. Thus far, probably, there would be no disagreement between the counsel as to the construction and effect of the instrument. The appellants were rightfully in possession of the premises; the equitable estate under the contract was in them, and they would be entitled to a conveyance in fee simple when the contract was executed on their part. The cutting of the timber was not a wrongful act, for it was the obvious intention of the parties that the purchaser should have the right to cut off the entire timber upon the lands sold, and manufacture it into lumber. The bond declared that Palfrey should have the possession and use of the premises, without impeachment of waste or claim of damage, so long as he performed the conditions by him to be performed. Regard being had to the nature, character and use of the property, it is most obvious that it was expected and intended that the timber on the lands sold should be cut off and manufactured into lumber. The case is, therefore, not analogous to that of *Suffern vs. Townsend*, 9 Johns., 35, where the court say that an agreement to sell land does not imply a license to enter and cut trees; and also that a license to enter would not authorize the cutting of timber, because one license does not imply the other; nor like that of *Cooper vs. Stower*, id., 331, where it is decided that a contract to sell and convey land upon the performance of certain acts thereafter to be performed, does not, of itself, contain a license to commit waste; but at most only authorizes the parties under it to enter upon the lands as tenants at will and occupy them in a reasonable manner, cutting no more timber than is requisite for the use and improvement of the same. Substantially the same thing is decided in *Moores vs. Wait*, 3 Wend., 104. See also *Rockwell vs. Saunders*, 19 Barbour (S. C.), 473; *Halleck vs. Mixer*, 16 Cal. R., 574. Neither does the doctrine of *Farrant vs. Thompson*, 5 B. & Ald., 826; *Harlan vs. Harlan*, 15 Penn.

St. R., 507; *Morgan vs. Varick*, 8 Wend., 587; *Elliott vs. Powell*, 10 Watts, 453, apply to it. The property in this case was to be used for manufacturing lumber. It was to be paid for in lumber obtained from the lands. And it is idle to say that the purchaser under the contract had not the right to cut timber to any extent, and sell the lumber manufactured from it, because the legal title to the lands remained in the vendor.

But it is suggested on the brief of counsel for respondent, that this right to enter upon the land for the purpose of cutting down the timber and manufacturing it into lumber, was in the nature of a personal license given Palfrey alone, and not assignable; and that if the assignee attempted to exercise this right, he became a trespasser.

This construction of the contract is entirely inadmissible. There is nothing in the contract warranting the assumption that the right to cut the timber and manufacture lumber was a personal trust, confined to Palfrey and not enuring to the benefit of his assignee. On the contrary we suppose the appellants stand in precisely the same relation to the property as did their assignor, and that their rights over it are as full and complete as his. If he had the unrestricted right to cut the timber, manufacture it into lumber, and sell the same upon making the payments, then they have the same right.

The original question then returns, Upon what grounds can the respondent maintain an action of replevin for the lumber manufactured from logs cut from these lands? Can he be said to have the absolute or qualified property in the lumber, with the right of possession? If so, why? We can imagine no reason or principle of law which would have the effect to vest the absolute property in the lumber in the respondent, unless it be the failure of the appellants to make payment on the contract as required by that instrument. And is a default in making a payment upon the contract attended with such legal consequences? It seems to us not. We are unable to perceive why the respondent can bring his action of replevin for the particular piles of lumber mentioned in the complaint, any more than for any other portion, or, indeed, all the lumber manufactured from timber taken

from the lands. Suppose the contract had required the payments to be made in money, would a default have vested the absolute property in the lumber in the respondents? And could he at once treat the possession of the property by the appellant as wrongful, and reclaim the lumber when default was made? It appears to us not. The appellants are in possession of the mill and lands under a contract of sale, and are making the precise use of the timber growing upon them that the parties contemplated. Why a failure to make a payment when due should have any other effect that in ordinary cases of land contracts, we cannot understand. And we suppose the parties hold substantially the same relations to each other as in the ordinary case of a contract for the sale and conveyance of real estate. A court of equity has jurisdiction in such a case to relieve as well the vendor as the vendees. *Button vs. Schroyer*, 5 Wis. R., 598. Possibly it might grant an injunction to restrain the appellants from entirely destroying the security, while in default, though the case calls for the expression of no opinion upon that point, and we give none. The simple question before us is, will an action of replevin lie under the circumstances for the lumber mentioned in the complaint? Upon that question our opinion is adverse to the respondent. We do not think he has such an absolute or special property in the lumber as to enable him to maintain the action. See *Mather vs. The Ministers of Trinity Church*, 3 Serg. & Rawle, 509; *Baker vs. Howell*, 6 id., 476; *Brown vs. Caldwell*, 10 id., 114.

These general observations upon the relations and rights of the parties under the contract, would seem to obviate the necessity for a more particular notice of the rulings of the court below upon the instructions asked and refused, as well as those given. In our opinion, several of those rulings were erroneous.

The judgment of the circuit court is reversed, and a new trial ordered.