# BAKER *v*. CORDWELL.

(*Supreme Court of Colorado, April Term, 1882—Appeal from the Jefferson County Court.*)

PLEADING—COMPLAINT IN REPLEVIN. The plaintiff's right to recover in an action of replevin depends upon his property in the chattels, either general or special, and this should be alleged. A complaint that the plaintiff is "entitled to the possession" of the goods sued for, is bad on demurrer. Such averment is the statement of a legel conclusion, and not the facts upon which the right of action rests.

ELBERT, C. J. This was an action to recover the possession of certain personal property.

The action of the Court below, in overruling the defendant's demurrer to the complaint, presents the only question to be considered. The complaint alleges, *inter alia:*

"That on the 18th day of October, A. D. 1880, at the county of Jefferson, in the said State of Colorado, she was entitled to the possession of the following goods and chattels of the value of two hundred and twenty-five dollars, to wit: One roan mare, one black mare, and one platform wagon."

It is claimed that this is not sufficient, and that the complaint should allege either a general or special property in the goods sought to be recovered.

This was undoubtedly the rule at common law in actions of replevin.

Mr. Wells, in his work on Replevin, section 46, says:

"The whole theory of the action is based on the assumption that the plaintiff has a *general* or *special* property in the goods in dispute, as well as a right to their *immediate* possession, and the defendant wrongfully took, or wrongfully detains them from him."

Again—

"One of the cardinal rules of this action is, that the plaintiff must in all cases have a *general* or *special property* in the goods which he seeks to recover, with the right to their *immediate* and *exclusive* possession, at the time of the *commencement* of the suit. This has been the rule from the earliest times, and is supported by an *unbroken* current of authorities to the present day." • Wells on Replevin, section 94.

In *Patterson* v. *Adams*, 7 Hill., 126, the plaintiff alleged that "they were *entitled to the possession*," etc., and the declaration was held bad. The Court say: "This action can only be maintained

by one who has the general or special property in the thing taken or detained."       *       *       *       *       *       *

"The plaintiff therefore must set up such a right or title in his declaration, or it will be wholly insufficient for his purpose."       *       *       *       *       "The usual allegation is, that the goods taken or detained were the goods of the plaintiff."       *       *       "An averment of this nature is essential to the plaintiff's right of action, as it asserts his right of property in the goods, although any other words of equivalent import may undoubtedly be substituted."       *       *       *       *       "This declaration does not allege that the goods in question belonged to the plaintiff, nor anything to that effect, but simply that they were goods and chattels of which the said plaintiffs *were entitled to the* possession. Pleading is a statement of facts, and not of the evidence of facts."       *       *       *       "And if it were true, that one who is entitled to the possession of chattels, must necessarily have a general or special property therein, still, in pleading his right, the fact and not the evidence should be alleged."

This was the rule at common law. It was not technical, but substantial, requiring the plaintiff to state the facts from which his right of possession flowed.

There are no provisions of statute which specially apply to this action, anterior to filing the affidavit. The nature and character of the action is not defined, as in many States. There are no special provisions of the Code, touching the complaint in such an action, and it must be measured by the general rule which it prescribes, namely: "The complaint shall contain a statement of the facts constituting the cause of action."

We do not see how anything short of the requirements of the common law rule would meet the requirements of this provision. The plaintiff's right to recover depends upon his property in the chattels, either general or special, and it should be alleged.

Mr. Bliss, in his work on Code Pleading, incorporates into his text, and impliedly sanctions as a rule of Code pleading the rule laid down in *Patterson* v. *Adams, supra.* He says, "In an action to recover personal property, the plaintiff's right depends upon the fact of ownership, general or special, and such fact should be alleged, and not the legal conclusion that he is entitled to the possession." Bliss' Code Plead., Sec. 212.

The following authorities are regarded as sustaining this view:

*Nelson* v. *Fuller*, 9 Kan., 177; *Tandell* v. *Crane*, 13 Kans., 344; *Beckwith* v. *Phillis*, 15 Wis., 223; Wells on Rep., Sec. 670; Hilliard on Rem., 20, 77; Maxwell's Pleading and Practice, 232, 424.

We think the complaint bad, and that the Court erred in overruling the demurrer.    Judgment reversed and remanded for further proceedings.

*R. H. Gilmore*, for appellant.

*A. H. DeFrance*, for appellee.