## TABOR v. SAMPSON.

In the absence of proof of actual notice, a mortgagee under a chattel mortgage, with insufficient description, and not recorded in the county in which the personal property is found in the possession of the mortgagor, may not defeat the rights of a purchaser thereof at judicial sale.

*Error to District Court of Chaffee County.*

THE facts are stated in the opinion.

Mr. A. S. WESTON, for plaintiff in error.

Mr. JOHN L. JEROME, for defendant in error.

STONE, J. One Perley Wasson was the owner of a large number of horses, mules, stage coaches and equipments employed in running several stage lines to and from Leadville, and in October, 1880, for the expressed purpose of securing payment of a promissory note of about $2,000, held by Tabor, the plaintiff in error, said Wasson executed a chattel mortgage to said Tabor of his stock in trade, comprising about seventy head of horses, three head of mules, a large number of stage coaches, wagons, sleighs, buggies, harness, one barn, furniture and equipments; which chattel mortgage was duly acknowledged and recorded in the county of Lake. Wasson retained possession of the mortgaged property, and some time in December following, some of the same property, which at the time was at Buena Vista, in the county of Chaffee, was attached at the suit of certain creditors of Wasson, and the attached property sold by the sheriff of Chaffee county. Sampson, one of the defendants in error, was a purchaser at this sale of one span of mules and eight head of horses. A few days after the sale, Wasson took from the stable where they were kept at Buena Vista the mules and horses which had been purchased by Sampson as aforesaid, and carried them away, whereupon Sampson replevied the same, and Tabor interpleaded therein, claiming the property under his chattel mortgage, the terms of which provided that he was authorized to take immediate possession of the mortgaged property in case the same should be removed from the county of Lake, or be attached by any person or claimed by any third party.

The controversy, therefore, is whether the right of possession of the last mentioned property is in Tabor by virtue of the mortgage, or in Sampson by virtue of the sheriff's sale.

The case was tried to the court below, by consent of parties, without the intervention of a jury, and a finding and judgment rendered in favor of Sampson for possession of the property in controversy. Several questions, presented by the assignment of errors, are discussed by counsel in the briefs filed, but the only one we deem it necessary to pass upon, in view of the issues made by the pleadings below, relates to the sufficiency of the mortgage as against the rights of Sampson as purchaser at the judicial sale.

We think the mortgage insufficient to defeat the rights of the purchaser, for two reasons: uncertainty in the description of the property, and the non-recording of such mortgage in the county where the property in question was, and in the possession of the mortgagor at the time it was attached. The only description of mules in the mortgage was, "2 mules bays, 1 mule dun," while some of the horses were described singly and in pairs by name only, as for instance: "2 horses, Dock and Gertie; 2 horses, Monkey and Mickle; 2, horses, Bill and Maggie; * * * 1 horse, Black Baby; 1 Keno; 1 horse, Bill; 1 horse, Poney; 1 horse, Frank," etc.; but most of the number are mentioned by a lumping enumeration merely, as "4 horses, brown; 6 horses, mixed; 4 horses, mixed; 2 horses, Bud and Jim; 20 horses, mixed; 2 horses, gray," etc.

No place was mentioned in the mortgage where any of these animals were kept, situate or used, or for what purpose used, or that they were used at all, nor was there any other or further description than such as given in the examples above quoted. What may properly be regarded as a sufficient description of horses and cattle, in an instrument of conveyance, depends to some extent upon

circumstances, aside from the peculiar description of the animals themselves. For example, if a mortgagor owned but a small number of such animals, and should include in the mortgage all that he owned, stating therein the place or places where they were kept, or the uses in which they were employed, a less particular description of each by natural marks or individual characteristics would suffice for identification, than if the mortgagor were owner of a large number, a part of which only were included in the mortgage, and no information should be given in the instrument of the place where the animals were kept, or for what purposes or uses, whether freighting, carriage driving, riding, racing or breeding.

Wasson himself testifies that he had six head of horses in Chaffee county which were not included in the mortgage, so that, had this mortgage been recorded in Chaffee county, it must have been impossible for any one reading the mortgage to have identified those six head as *excluded*, or any other twenty head found in that county as *included* in the number designated in the mortgage as "20 horses, mixed."

In *Lawrence v. Evarts & Cooper*, 7 O. St. 197, the court say: "Any description which will enable third persons to identify the property, aided by inquiries which the mortgage itself indicates and directs, is sufficient. The identity of the property is not, in such cases, ascertained by any specific description which distinguishes it from other property of the same kind or species, but by its locality." In that case the description was, "all the stock, tools and chattels belonging to" the mortgagor, "in and about the wheelwright shop occupied by him," and this was held sufficient, for the reasons above expressed. See, also, *Kelley v. Reid*, 57 Miss. 89; *McCord v. Cooper*, 30 Ind. 10; *Golden v. Cockril*, 1 Kan. 259.

Our statute concerning chattel mortgages provides that such mortgages shall be "good and valid" from the time they are recorded "in the county wherein the property

mortgaged, or the greater portion thereof, shall be situated." This mortgage was recorded in Lake county alone, but there is not a word in the mortgage itself, or in the testimony in the case, as disclosed by the record, to indicate that the property mortgaged, or the greater portion thereof, or that a single item thereof, was in the county of Lake. Wasson himself testifies that the horses and mules in controversy were on some of his government "mail routes around Leadville." They were found and seized in the possession of Wasson, as the owner, in the county of Chaffee, by the sheriff of said county, and wherein the attaching creditors resided.

There was no proof of actual notice, nor did the records of either Chaffee county or Lake county furnish constructive notice that the horses and mules in controversy, at the time of the seizure and sale, were subject to the rights claimed by the plaintiff in error by virtue of the chattel mortgage in question. We must, therefore, hold that the right of possession to the property claimed by the plaintiff in error as mortgagee, at the time of the seizure and sale as aforesaid, was not sufficient to defeat the title acquired by defendant in error, Sampson, as purchaser at said sale, and the judgment of the court below will be affirmed.

*Affirmed.*

---

## DANIELS ET AL. V. LEWIS ET AL.

A liberal construction must be given to the provisions of the Civil Code, to the end that the legislative intent may be made effectual. Under section 116, the proceeds of attached property may be pro-rated between the creditors therein specified — the words "returned to the same term of the court to which they are returnable," being interpreted to mean and apply to all writs of attachment which are in fact returned to at or during the same term of the court, at or during which they may be properly returned, after service according to law.

*Appeal from District Court of Arapahoe County.*