## BENESCH ET AL. v. WAGGNER.

1. REPLEVIN — PLEADING — ESTOPPEL.— In an action for claim and delivery of personal property plaintiffs may declare generally, claiming the property as theirs, and give in evidence special facts to establish the fraud by which defendants obtained possession of the goods.
2. Where defendants in such action are permitted to retain possession of the property upon giving a forthcoming bond, they are estopped from denying that the property was found in their possession at the time of the levy of the writ.
3. Defendants cannot raise the question as to whether plaintiff has made restoration to a third party, who obtained the goods from him, for part of the purchase price paid by such third party.
4. In impeaching the credibility of a witness, the question asked, "From what you know of his truth and veracity, would you believe him under oath," is incompetent, as calling for the opinion of a witness, based upon his personal knowledge, and not upon the general reputation of the witness sought to be impeached.

*Appeal from Superior Court of Denver.*

ACTION for claim and delivery of personal property. Evidence was introduced upon the trial below for the purpose of showing that the goods in controversy were obtained from the appellee, C. E. Waggner, who was plaintiff below, by the false and fraudulent representa-

tions of one Charles Marzyck, and that the appellants, Joseph L. Benesch *et al.*, who subsequently obtained the said goods from Marzyck, were not *bona fide* purchasers for value. A trial to the court without the intervention of a jury resulted in a judgment for appellee. To reverse this judgment the case was brought here by appeal.

Mr. H. V. A. FERGUSON, for appellants.

Mr. R. D. THOMPSON, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

1. The first assignment of error relates to the admission, against objection, of evidence tending to show that plaintiff was induced to part with the goods in the first instance by the fraudulent conduct of Marzyck, and also to the admission of evidence of the fraudulent nature of the subsequent transfer of said goods to the appellants by Marzyck; the claim advanced by appellants being that, as the complaint is in the ordinary form of complaints in replevin in the *detinet*, without any allegations of fraud, proof of fraud was not admissible under the pleadings.

The requisites of a complaint in actions for the claim and delivery of personal property under the code were considered in *Baker v. Cordwell*, 6 Colo. 200. It was there held that a complaint not containing an averment of ownership was insufficient in an action of replevin at common law, and that nothing short of the requirements of the common-law rule would meet the requirements of the code. Chief Justice ELBERT, in the opinion, speaking of the action under the code, says: "There are no provisions of the statute which specially apply to this action anterior to filing the affidavit. The nature and character of the action are not defined, as in many states."

The code, however, provides that where a delivery of the property is claimed an affidavit shall be made by the plaintiff, or some one for him, showing *inter alia* "the

alleged cause of the detention thereof, according to his best knowledge, information and belief." The complaint need not, however, allege everything required to be stated in the affidavit; and, in the absence of legislation requiring it, we see no necessity for greater detail in the allegations of the complaint than under the former practice. *Bosse v. Thomas*, 3 Mo. App. 472. In the complaint before us, it is alleged that the plaintiff is the owner of the goods and entitled to the immediate possession of the same, and that the defendants unjustly detained said goods after demand. Under similar allegations it was expressly decided by this court in *Sopris v. Truax*, 1 Colo. 89, that the testimony offered would have been competent under the practice as it existed prior to the adoption of the Civil Code; and there are many decisions to the same effect under the reformed procedure. In the case of *Hunter v. Machine Co.* 20 Barb. 495, this precise question was before the supreme court of New York, and it was held in that case that in an action of claim and delivery the plaintiffs might declare generally, claiming the property as theirs, and give in evidence special facts to establish the fraud by which the defendant obtained possession of the goods. In *Bliss v. Cottle*, 32 Barb. 323, this decision was expressly affirmed, and to the same effect is the case of *Decker v. Mathews*, 12 N.Y. 313. The question was presented to the supreme court of California in the case of *Nudd v. Thompson*, 34 Cal. 39, in which case the plaintiffs declared generally, as in the case at bar, and in addition attempted to set up the facts showing the fraud, and the court said: "There can be no question, however, that the more general statement was sufficient for all the purposes of pleading, nor that a denial of it put the plaintiffs upon their proof as a prerequisite to judgment. The second or detailed statement was but the first in minute analysis." Under the allegations of ownership and right of possession, we think the evidence objected to was properly admitted.

2. There was no error in not allowing the witness Benesch to testify that appellants never had a portion of the property claimed by appellee in their possession. The officer's return showed the number of bales of tobacco levied upon by him under the writ, and it was also shown that the defendants had, for the purpose of retaining possession of the property, given the statutory forthcoming bond. Under these circumstances they were estopped from denying that the property was in their possession at the commencement of the action, for it was only upon the assumption that the property was taken from their possession by the officer that they were entitled to demand its return upon giving the forthcoming bond; and, after securing possession by this means, it was then too late for them to deny that the property was found in their possession at the time of the levy of the writ. *Diossy v. Morgan,* 74 N. Y. 11. Afterwards the court admitted evidence of the number of bales actually received by appellants, and the value thereof, and, if the original ruling had been erroneous, this subsequent admission of the evidence would have cured the error.

3. It was shown upon the trial that bale No. 1,532 of the Sumatra tobacco was sold October 9, 1885, to Marzyck for the sum of $279.35, of which amount the sum of $139.67 had been paid by him. There was no return of this amount or of any portion of it to the vendee; and it is contended that appellee could not maintain the action while retaining a portion of the purchase price. This would have been a good defense if presented by Marzyck in a suit against him, for it is well settled that a vendor cannot rescind a sale and at the same time keep the purchase price in whole or part; but this rule does not apply when the suit is against a third party. Appellee was not bound to tender this money to these defendants, because he had not received it from them; and Marzyck, the only party having a right to complain, was not a party to the suit. It is *res inter alios,* with which these

appellants have no concern, and they cannot raise the question as to whether or not appellee has made restoration to Marzyck. In the court below they were, however, allowed a credit for the amount received by appellee from Marzyck, and in no event were they entitled to more favorable treatment in reference to the matter than that accorded them, and consequently they cannot now be heard to complain. *Pearse v. Pettis*, 47 Barb. 276; *Stevens v. Austin*, 1 Metc. 558; Benj. Sales, § 442.

4. Upon the trial appellants attempted to impeach Ginzburger, one of the witnesses called by appellee; and for that purpose, after asking the usual preliminary questions of one of their witnesses, propounded this question: "From what you know of his truth and veracity, would you believe him under oath?" The question propounded was clearly incompetent, for the reason that it called for an opinion of the witness based upon his personal knowledge of Ginzburger, and not for an opinion based upon the general reputation for truth and veracity of the witness sought to be impeached, and the court committed no error in sustaining defendant's objection to the question.

5. It is claimed that the evidence is insufficient to support the judgment. The evidence strongly tended to show that the original sale to Marzyck was induced by fraudulent representations made by the vendee, and also that the subsequent transfer of said goods to the appellants was collusive and fraudulent; and under such circumstances we see no reason to disturb the judgment of the trial court. Wells, Rep. § 318; *Hoffman v. Noble*, 6 Metc. 73; *Kline v. Baker*, 99 Mass. 253; *Barnard v. Campbell*, 65 Barb. 286; *Harner v. Fisher*, 58 Pa. St. 453; *Hunter v. Machine Co., supra.* Judgment affirmed.

*Affirmed.*