[No. 4230.]

ELLIOTT ET AL. V. THE FIRST NATIONAL BANK OF GREELEY.

**Replevin—Pleading—Ownership—Chattel Mortgage.**

In an action of replevin, a complaint which does not allege ownership in plaintiff, but alleges that plaintiff is entitled to possession of the property by virtue of a certain chattel mortgage, but fails to allege by whom or to whom the chattel mortgage was executed, fails to allege a special ownership in plaintiff and is insufficient to state a cause of action.

*Error to the County Court of Weld County.*

Mr. H. E. CHURCHILL, for plaintiff in error.

Mr. JAMES W. McCREERY, for defendant in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

An action was brought for the possession of certain goods and chattels or the value thereof and for damages in the sum of three hundred dollars. The complaint alleges, among other things, "That * * * the plaintiff was, under and by virtue of a certain conveyance, entitled to the immediate possession of the goods and chattels herein described, as follows, * *

* That said instrument was dated and delivered January 3, 1899, and duly recorded in the office of the county clerk and recorder of Weld county."

The complaint contains a clause of the mortgage which provides that if the chattels are attached or claimed by any person before payment of the note, it shall be lawful for the party of the second part to take immediate and full possession of the whole of said goods and chattels to their own use, and alleges, "That on the 23rd of April, 1900, the defendants, claiming to be acting under a pretended writ of attachment or execution, sued out against some person who is a stranger to the title of said property, without the consent of the plaintiff, took possession of said goods above described and still detains the same, as against the rights of the plaintiff, and that by virtue of the premises plaintiff is entitled to the immediate and full possession thereof."

Affidavit and undertaking were filed, and the property was taken by the coroner from the sheriff and delivered to the plaintiff. A demurrer to the complaint was filed, upon the ground "that the complaint does not state facts sufficient to constitute a cause of action." The demurrer was filed on April 30, 1900. On the first day of May it was overruled, and on the third day of May judgment was rendered for the plaintiff. An alternative judgment was rendered in favor of the plaintiff and the value of the property found to be $1,190.00. Nominal damages only were awarded.

The following appears in the bill of exceptions: "Now, on this second day of May, 1900, this cause coming on regularly to be heard, upon the overruling of the demurrer, the defendants and each of them separately demand that the record show as a fact that upon the overruling of the demurrers filed herein, and each one of them, on the first day of May, that

counsel for each of the defendants separately stated to the court that they would stand by the demurrer, and did not desire time to plead over.'' The defendants appeared by counsel and demanded the right to cross-examine the witnesses for the plaintiff. The court refused to permit the defendants to cross-examine plaintiff's witnesses, and held that they, having defaulted, waived the right to appear for any purpose.

The case comes here by writ of error.

We shall only consider that assignment of error which alleges that the court erred in overruling the demurrer.

It is stated by Chief Justice Elbert, in the case of *Baker v. Cordwell,* 6 Colo. 199, quoting from Wells on Replevin, that ''One of the cardinal rules of this action is, that the plaintiff must in all cases have a *general* or *special property* in the goods which he seeks to recover, with the right to their immediate and exclusive possession, at the time of the commencement of the suit. This has been the rule from the earliest times, and is supported by an unbroken current of authorities to the present day.'' And, citing with approval from *Pattison v. Adams,* 7 Hill, 126, further says: ''This action can only be maintained by one who has the general or special property in the thing taken or detained.   *   *   *   The plaintiff, therefore, must set up such a right or title in his declaration, or it will be wholly insufficient for his purpose.   *   *   *   The usual allegation is that the goods taken or detained were the goods of the plaintiff.   *   *   *   An averment of this nature is essential to the plaintiff's right of action, as it asserts his right of property in the goods, although any other words of equivalent import may undoubtedly be substituted.   *   *   *   This declaration does not allege that the goods in question belonged to the plaintiffs, nor any-

thing to that effect, but simply that they were goods and chattels of which the said plaintiffs *were entitled to the possession.* Pleading is a statement of facts, and not of the evidence of facts. .* * * And if it were true that one who is entitled to the possession of chattels must necessarily have a general or special property therein, still in pleading his right, the fact and not the evidence should be alleged." And, quoting from Bliss on Code Pleading, says: "In an action to recover personal property, the plaintiff's right depends upon the fact of ownership, general or special, and such fact should be alleged, and not the legal conclusion that he is entitled to the possession."

The plaintiff contends that the allegations of the complaint aver sufficiently a special property in the goods in controversy.

The plaintiff has failed to allege that it was the owner of the property in question and entitled to the possession thereof. It claims a special ownership therein, and has undertaken to set forth facts showing that it is entitled as such owner to the possession of the goods. Nowhere in the complaint is it alleged by whom the chattel mortgage was executed, nor in whose favor it was executed; and we are not permitted to infer from the pleadings that a chattel mortgage was executed in favor of The First National Bank of Greeley and that there has been a breach of one of the conditions, by reason of which the bank is entitled to the immediate possession of the goods.

The plaintiff undoubtedly intended to allege that by reason of a breach of the condition of a mortgage executed in its favor by the owner of the goods, it was entitled to the immediate possession of the property mentioned in the complaint, but it has failed to do so and has failed to state a cause of action against the defendant.

The judgment will be reversed.

*Reversed.*