[No. 5435.]
[No. 3094 C. A.]

## STREET v. SEDERBURG, SHERIFF.

1. **Replevin—Pleading—Complaint — Sufficiency — Legal Conclusion.**

A complaint in replevin, alleging that plaintiff is entitled to the immediate possession of the property, without alleging either special or general ownership, is bad, for the reason that the allegation of the right to immediate possession standing alone is a legal conclusion.—P. 132.

2. **Same—Pleading Conclusions.**

A complaint in replevin by a mortgagee, which sets up the mortgage and which alleges that, by the terms thereof, plaintiff became and continued to be the owner and entitled to the immediate possession of the property described therein, but which fails to allege that the mortgagor, at the date of the mortgage, was the owner of the property, is fatally bad, since the allegation of plaintiff's ownership is a conclusion of law, and is also a conclusion from the facts recited, and the latter must be tested by the facts stated upon which it is based.—P. 132.

3. **Pleading—Conclusion of Law.**

An allegation in a complaint that one is possessed of property by virtue of a deed, is a conclusion of law, and insufficient as an averment of title.—P. 132.

4. **Chattel Mortgages—Replevin by Mortgagee—Pleading—Complaint—Sufficiency.**

In replevin by a mortgagee, recitals in the mortgage incorporated in the complaint cannot supply an averment essential to the cause of action.—P. 134.

5. **Chattel Mortgages—Locus of Chattels—Recital—Sufficiency.**

A recital in a chattel mortgage that the mortgagor is of a certain county and state is not a sufficient description of the "locus" of the mortgaged property.—P. 135.

6. **Same—Description of Chattels—Sufficiency.**

A chattel mortgage of cattle and horses which describes some of them as "20 head of two-year-old," "10 head of yearlings," "25 head of cows from three to seven years old," then enumerating several horses by color and age only, and that all of said cattle were branded as described, and which fails to indicate where the property was kept, does not sufficiently describe the property for an action of replevin against a stranger.—P. 135.

7. **Appellate Practice—Briefs—Questions Outside the Record— Not Considered on Appeal.**

Questions without the record, though discussed in the briefs, will not be considered on appeal.—P. 136.

*Appeal from the County Court of Phillips County. Hon. W. D. Kelsey, Judge.*

Action by L. M. Street against Alex Sederburg, sheriff. From a judgment of dismissal, rendered on sustaining a demurrer to the amended complaint, plaintiff appeals.                    *Affirmed.*

Mr. PHILLIP ZIMMERMAN and Mr. ERNEST L. WILLIAMS, for appellant.

Messrs. ALLEN & WEBSTER, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This was an action of replevin to recover the possession of certain cattle, horses and other personal property.

A demurrer to the amended complaint having been sustained, plaintiff electing to stand upon his complaint, the action was dismissed.

The complaint alleges in substance, that on the 14th day of August, 1903, C. W. Armour executed and delivered to plaintiff a certain chattel mortgage which is set up verbatim in the complaint. A description of the property in the chattel mortgage is as follows:

"Twenty head of two-year-old, ten head of yearlings, twenty-five head of cows from three to seven years old, one Hereford bull five years old, one bay horse seven years old, one roan horse nine years old, one bay horse eight years old, one iron-gray horse three years old, one bay horse three years old, one farm wagon, one set double harness. All of said cattle branded **Lʎ** on left hip."

This mortgage is alleged to have been given as security for a note for $1,842.50, dated August 14, 1903, due September 1st after date; which mortgage was duly recorded in the office of the clerk and recorder of Phillips county August 14, 1903.

The complaint then alleges:

"That said mortgage was given for the purpose of renewing and more closely describing the goods and chattels mentioned and described in a prior mortgage, for the same debt, from said Armour, to plaintiff, of date July 17th, 1902, and for the further purpose of better securing the interest due on said notes secured by said mortgage dated July 17th, 1902, which said last mentioned mortgage was not released."

It is then alleged in substance, that by virtue of the statutes in such cases made and provided, thirty days was allowed from the maturity of the mortgage dated July 17, 1902, in which to take possession of the chattels and goods therein mentioned, unless the mortgagor should during such period pay the debt. (It will be noticed that there is no allegation as to when the mortgage dated July 17, 1902, fell due.) That during such period the mortgagor did not pay the debt, and the defendant wrongfully seized and took possession of most of said property, describing the property taken by the defendant as the same was described in the mortgage.

The complaint then proceeds:

"That said property was taken from the premises of the said C. W. Armour, in said county of Phillips without the consent of the plaintiff; and plaintiff states on information and belief, that the description contained in the mortgage herein set forth, includes, covers and describes all of the fifty-one head of stock otherwise and more particularly described as follows, to wit: One roan horse, one

sorrel horse about six years' old, one brown horse nine years old, one roan horse about three years old, one sorrel horse about two years old; twenty-five head of cows, various ages, branded **Lʎ** ; fifteen head of heifers, various ages, branded **Lʎ** ; one Hereford bull four years old, branded **Lʎ** , which the defendant wrongfully and unlawfully claimed, removed and took from the premises of the said C. W. Armour in the county of Phillips and state of Colorado, hereinbefore mentioned, on to wit, the 17th day of August, 1903, and that the said fifty-one head of stock so taken and removed by this defendant are included in the mortgage mentioned herein as dated July 17th, 1902, and recorded in book 42, at page 510, of the records of Phillips county, Colorado.

"That by the terms of the said mortgage and by reason of the facts hereinbefore set forth, plaintiff became, and was on the 17th day of August, A. D. 1903, and still is the owner and entitled to the immediate possession of all said cattle and property described in said mortgages and particularly all of that part thereof which the defendant claimed, took and removed from said premises as hereinbefore described."

A demand for the property, its value, and damages by reason of the taking and detention thereof are alleged.

The closest scrutiny of the amended complaint fails to disclose upon which one of the two chattel mortgages, referred to therein, plaintiff relies. In this respect the complaint is ambiguous, unintelligible and uncertain, but this question not having been raised, will not be considered, and for the purposes of this opinion, it will be assumed that the chattel mortgage set forth in the pleading is the one relied upon by plaintiff.

It has been held by this court, that in an action of replevin, an allegation that the plaintiff is entitled to immediate possession of the property, without the allegation of either special or general ownership is bad, for the reason the allegation of the right to immediate possession standing alone is a legal conclusion.—*Baker v. Cordwell*, 6 Colo. 199, 200, 202; *Benesch v. Waggner*, 12 Colo. 534, 535; *Elliott v. First National Bank*, 30 Colo. 279, 282.

After setting up the mortgage at length, and that a prior mortgage had been given on the same property, the pleading proceeds:

"That by the terms of said mortgage and by reason of the facts hereinbefore set forth, plaintiff became and was on the 17th day of August, A. D. 1903, and still is the owner, and entitled to the immediate possession, of all said cattle and property described in said mortgages."

There is no allegation in the pleading to the effect that the mortgagor at the date of the mortgage was the owner of the property mortgaged.

The allegation last above quoted, which is the only allegation contained in the pleading as to plaintiff's ownership, is a construction placed by the pleader upon the terms of the mortgage and is therefore a conclusion of law, and is also a conclusion from the facts recited, and such latter conclusion must be tested by the facts stated upon which it is based.

"An averment that a person is possessed of property '*by virtue of*' *a deed or conveyance, etc.,* is merely an averment of a conclusion of law, and is insufficient as an averment of title."—21 Enc. Pl. & Pr. 719.

In *May v. First National Bank of Attleboro*, 19 Ill. App. 604, the court said:

"The plea contains no sufficient averment that Halstead, Haines & Company held title to the real estate in question, at the time of the execution of the deed of assignment. The only statement in the interplea, approaching an averment of title, is the following:

" 'Wherefore the said Lewis May, interpleading, says, that the goods, chattels, credits and effects attached and seized and the real estate levied upon, by the writ of attachment issued herein, were at the time of the attachment and levy, and still are, the property of him, said Lewis May, as assignee by virtue of said deed of assignment.' This is the mere averment of a conclusion of law from the facts previously alleged in the plea. There is an omission in the pleadings and no intendments or inferences can be indulged in by the court to aid the party in whose pleading a material omission occurs. * * * The plea failing to aver that the grantors of appellant had any title to the real estate at the time of the execution of the voluntary assignment, was fatally defective and the demurrer was correctly sustained."

In *Turner v. White*, 73 Cal. 299, it is said:

"With reference to the remainder of the paragraph quoted, we were at first inclined to treat it as sufficient, upon the ground that the allegation of the plaintiff's ownership was the ultimate fact alleged, and that the averments of how he acquired the title were averments of mere evidence, which need not be denied. But after consideration, we do not think the allegation in the complaint can be so treated. It is perfectly true, that, in general, an allegation that a party is the owner of real property is an allegation of an ultimate fact, and not of a conclusion of law. * * * But as held in *Levins v. Rovegno*, 71 Cal. 273, the same averment or statement may be of a fact or of a conclusion according to the context. Now, in

the present case, the complaint first avers the ownership of James White at a certain date, and then sets out the execution proceedings against him, and then has the following: 'That by virtue of the deed of conveyance from said constable, plaintiff became seized of, and .ever since has been seized of and the owner of, said premises, and entitled to the possession thereof.' This we think is not the averment of unqualified ownership in the plaintiff, but only the consequence resulting from the deraignment set forth. In other words, it is a mere conclusion, and its denial raises no issue.''

In *Kidwell v. Ketler*, 146 Cal. 12, at page 17, the court said:

''The case presented, therefore, is one where the pleader sets forth his chain of title, and upon that chain pleads ownership. It is uniformly held that an allegation made under such circumstances is an allegation of a conclusion of law not calling for a denial, and not binding upon either party. Thus, as is said in *Gruwell v. Seybolt,* 82 Cal. 7: 'Where * * * the pleader sets forth specifically the links in his chain of title, a general allegation of ownership will be treated as a mere conclusion from the facts stated.' ''

Appellant seeks to avoid the defect in the pleading by invoking the covenants as to title contained in the mortgage. We do not think that the formal recitals of an instrument, incorporated in a pleading, can supply an essential averment not found in the pleading.

From the foregoing we conclude that the amended complaint was fatally defective in not alleging either special or general ownership of the property in the plaintiff.

Furthermore, the description of the property in the chattel mortgage is not such a description as is

required when the action is against a stranger, as is the case here.

In *Tabor v. Sampson*, 7 Colo. 428, the court said:

"No place was mentioned in the mortgage where any of these animals were kept, situate or used, or for what purpose used, or that they were used at all, nor was there any other or further description than such as given in the examples above quoted. What may properly be regarded as a sufficient description of horses and cattle, in an instrument of conveyance, depends to some extent upon circumstances, aside from the peculiar description of the animals themselves. For example, if a mortgagor owned but a small number of such animals, and should include in the mortgage all that he owned, stating therein the place or places where they were kept, or the uses in which they were employed, a less particular description of each by natural marks or individual characteristics would suffice for identification, than if the mortgagor were owner of a large number, a part of which only were included in the mortgage, and no information should be given in the instrument of the place where the animals were kept, or for what purposes or uses, whether freighting, carriage driving, riding, racing or breeding."

There is nothing in the mortgage under consideration to indicate where the property was kept or to be kept, or for what purpose it was to be used, or that it was all or only a portion of the property of like character of the mortgagor.

A recital in the mortgage that the mortgagor was "of the county of Phillips, state of Colorado," cannot be held to be such a description of the *locus* of the property as is required. Some counties in Colorado are larger than some of the eastern states.

It will also be noticed that the chattel mortgage reads: "twenty head of two-year-old," and "ten head

of yearlings,'' there being nothing to show the age or sex of the animals, and not specifying whether they were horses or cattle or sheep or any other domestic animals. The brands and other distinguishing marks of the horses, if any there were, were not given.

The pleading alleges that the animals taken by the defendant and attempted to be replevined were: two sorrel horses, one six and the other two years old; while there are no sorrel horses mentioned in the mortgage; two roan horses, one three years old, and the other's age not stated; while the only roan horse mentioned in the mortgage is nine years old; one Hereford bull four years old, while the mortgage refers to a Hereford bull five years old; one brown horse nine years old, while there is no brown horse in the mortgage; fifteen head of heifers of various ages, while no heifers are mentioned in the mortgage.

We think that the description of the property contained in the mortgage is entirely insufficient to form the basis of an action in replevin against a stranger.

Counsel for both parties discuss in their briefs questions which we conceive to be without the record, for which reason we decline to consider them.

For the reasons stated there was no error in the court's sustaining the demurrer to the amended complaint, wherefore the judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.