[No. 5525.]
[No. 3199 C. A.]

## THE ILLINOIS SEWING MACHINE COMPANY
## v. HARRISON.

1. **Replevin—Pleading—Ownership—Possession.**

A complaint in an action of claim and delivery under the code which alleges that plaintiff is the owner, sufficiently answers the requirement that plaintiff be entitled to possession.—P. 363.

2. **Corporations—Foreign Corporations—Bringing Actions—Compliance with Statutory Requirements—Pleading.**

Noncompliance with the statutory requirements of c. 52, Sess. Laws 1901, by a foreign corporation, before it may prosecute or defend an action or do business in this state, is a matter of defense to be pleaded by defendant, and plaintiff need not aver in its complaint, nor prove at the trial, compliance therewith.—P. 365.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Frank T. Johnson, Judge.*

Action by the Illinois Sewing Machine Company against Mark Harrison. From an order sustaining a demurrer to the complaint, and dismissing the action, plaintiff appeals.          *Reversed.*

Mr. CHARLES K. PHILLIPPS, for appellant.

Mr. EDMUND J. CHURCHILL and Mr. C. H. COCHRAN, for appellee.

This action would be replevin at common law, and is one of claim and delivery of personal property under the code. Plaintiff is a foreign corporation organized under the laws of the state of Illinois. The complaint is silent as to a compliance by it with the laws of this state concerning the right of foreign corporations to do business in, and sue in the courts of, this state. It alleges that plaintiff was the owner of the goods and chattels, possession of which de-

fendant wrongfully took. There was a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, that plaintiff has not the legal capacity to sue, and that it does not appear on the face of the complaint that plaintiff has complied with the provisions of sections 4 and 10, chapter 52, of the act of the general assembly of 1901 (Session Laws of 1901, p. 116), which, among other things, requires a foreign corporation to pay a prescribed fee to the secretary of state upon the filing of its certificate of incorporation, which by another statute it is required to do before it may enter upon business in the state, and unless it files such certificate and pays the fee, and receives from the secretary a certificate that it has paid all the prescribed fees and taxes to that officer, it shall not have or exercise any corporate powers, acquire or hold any property, or be permitted to do business or prosecute or defend in any suit in this state until the fee is paid. The court sustained the demurrer, and as plaintiff elected to stand by his complaint, the action was dismissed, and plaintiff is here with its appeal.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

1. The first point made is that in an action of claim and delivery of personal property a general allegation of ownership by plaintiff is insufficient; that coupled therewith should be an allegation that plaintiff is entitled to possession. It is settled in this state, and seems to be the rule elsewhere, that a general allegation of ownership of property is sufficient. It was so held in *Shipton v. Norrid,* 1 Colo. 404, under the territorial practice act, and the rule has not been changed by our code of procedure. In *Baker v. Cordwell,* 6 Colo. 199, a complaint in which

there was a general allegation of ownership was held sufficient. In *Hanna v. Barker,* 6 Colo. 303, 313, it was said that the right to the possession of chattels flowed from the ultimate fact of ownership. In *Benesch v. Waggner,* 12 Colo. 534, it was said, referring with approval to *Baker v. Cordwell,* that in an action of claim and delivery plaintiff might declare generally his ownership of the property. Cobbey on Replevin says that the term "owner," in this kind of an action, does not import an absolute and unqualified title, but a right to possession.—Sections 532, 533. In a complaint, allegation of ownership of the goods and chattels is sufficient.—Sections 590, 591. In Wells on Replevin (2d ed.), section 39, it is said: "Ownership of chattels usually draws to it the right of possession. Proof of ownership would warrant the inference that the owner was entitled to possession." Also, section 122.—*Street v. Sederburg,* 41 Colo. 128; *Elliott v. First National Bank,* 30 Colo. 279.

In accordance with these auhorities a complaint in an action of claim and delivery of property under the code, which alleges that plaintiff is the owner, sufficiently answers the requirement that plaintiff be entitled to possession. This complaint was sufficient in this respect.

2. Plaintiff contends that the statutory requirements of foreign corporations above referred to are intended to apply only where they desire to carry on business in this state and not where they merely bring an action to protect their right to property situate in this state. In view of our reversal of the judgment on other grounds, it is not necessary to determine this point.

3. Defendant's principal contention, and apparently the one on which the decision below was based, is that under our statute it is necessary for a foreign

corporation plaintiff to aver in its complaint and prove at the trial its compliance with the statutory requirements. In some other states under similar statutes such rules of pleading and of evidence have been enforced.—*Taber v. Interstate, etc., Association,* 40 S. W. Rep. 954; *Welsbach, etc., Co. v. Norwich, etc., Co.,* 89 N. Y. S. 284, affirmed in 72 N. E. 1152.

Whatever the rule may be elsewhere, it has been decided by this court that the fact of noncompliance is a matter of defense to be pleaded by the defendant in bar of the action.—*Utley v. Clark-Gardner L. M. Co.,* 4 Colo. 369; *Tabor v. Goss & Phillips Mfg. Co.,* 11 Colo. 419.

Defendant says the ruling in these cases is not controlling under the act of 1901, because it is more sweeping than the earlier statute. The prohibitions of the later act are more comprehensive, but they are precisely of the same character as those in the former one. The rule of pleading under both should be the same, for the principle applicable to one is equally pertinent to the other.

The eminent author, Judge Thompson, in volume 6 of his Commentaries on the Law of Corporations, at section 7965, in referring to the conflicting decisions upon this question, thus summarizes his conclusions: "The best opinion, therefore, is that, in an action by a foreign corporation to enforce a domestic contract, it is not only not necessary for the corporation to aver and prove in the first instance its compliance with the domestic statutes entitling it to do business within the domestic state, but that, unless the defendant makes an averment of noncompliance in distinct terms, he cannot introduce evidence to show that such was the fact."

In accordance with the doctrine of this court in the cases referred to, the practice in this state seems uniformly to have been for defendant specially to

plead noncompliance. This was done in *International Trust Company v. Leschen & Sons Rope Co.,* 42 Colo. 299. It follows that the complaint stated a cause of action and that the grounds of the demurrer were not well taken. The judgment of the court is reversed and the cause remanded.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.