No. 9862.

THE FARMERS HIGHLINE CANAL & RESERVOIR CO. *v.* WEBBER.

Decided June 6, 1921. Rehearing denied November 7, 1921.

Action to quiet title to water right. Judgment for plaintiff.

*Affirmed.*

1. WATER RIGHTS—*Pleading—Allegation of Ownership.* In an action concerning the right to the use of water, where the question is one of title only, there is no reason why the allegation of ownership should not be as simple as of land, and a general averment is sufficient.

2. *Pleading—Amendment—Change of Cause of Action.* In an action involving only the title to water, plaintiff asked to amend a general allegation of ownership to show ownership by appropriation. Defendant contended this would change the cause of action. Contention overruled, the court holding there was but one primary right, that to use the water based on ownership, and but one violation of that right, deprivation of the use.

3. *Evidence—Adverse Use.* Evidence of long continued use reviewed and held to support plaintiff's claim of original appropriation.

Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.

Messrs. BARTELS & BLOOD, for plaintiff in error.

Mr. JOHN A. RUSH, Mr. FOSTER CLINE, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error was plaintiff below and obtained a decree establishing in her the title to 15 inches of water out of the ditch of defendant, plaintiff in error, for the irrigation of certain land.

The plaintiff derived title to the said water from her uncle, one Hill, who, she claimed, was one of the original appropriators of the first priority acquired by this ditch, and she also claimed by adverse use for more than 20 years. The court expressly found in her favor on both the appropriation and the adverse use. We affirm the judgment on the former ground, appropriation, and leave the other undecided.

Plaintiff in error argues: 1. That the complaint does not state a cause of action. 2. That there was no proof of title in plaintiff by appropriation.

The complaint alleged ownership of the land, and "That plaintiff during all the times mentioned herein was and is now the owner of fifteen (15) inches of water in the ditch of the defendant company and during all of said times was and now is entitled to the use of the same;" also "That the plaintiff and her grantors for more than twenty years last past have had the free use of said water and have used the same openly, notoriously and adversely to the defendant for irrigating about 15 acres of lands aforesaid;" also that said water was necessary for such irrigation, that plaintiff could get no other and without it her crops would be destroyed and her land unproductive.

The objection to the complaint is that it states no facts constituting ownership of the water right except adverse use, which is insufficient, and that a bare statement of ownership of a water right, unlike the case of land or chat-

tels, is not enough. Plaintiff in error cites *Farmers' etc. Co. v. Southworth,* 13 Colo. 111, 21 Pac. 1028, 4 L. R. A. 767, and Kenney on I. & W. R., § 1633.

The Southworth case was upon a question of priority between two appropriations. Which was first? The court held that the facts showing appropriation should have been set forth in the pleadings. No such situation is before us now. Both parties here claim the same priority under the same appropriation, made through the same ditch at the same time by one construction, applied to the several lands of the constructors of the ditch. It is a question of ownership, not priority of right. The same is true of *Downing v. Agricultural D. Co.,* 20 Colo. 546, 39 Pac. 336.

Where the question is one of title only, we can see no reason why the allegation of ownership of a water right should not be as simple as of land, nor why under the code it should be more complex than at common law or in equity. It is enough to say that the goods are the goods "of the plaintiff" or the lands are the lands "of the plaintiff." *Baker v. Cordwell,* 6 Colo. 199; *Elliott v. Bank,* 30 Colo. 279, 70 Pac. 421; 2 Chit. Pl., 860, 868. See *Clink v. Thurston,* 47 Cal. 21. We think the general averment of ownership was sufficient. But defendant claims that the specific allegation controls the general; that, having specified title by prescription or adverse possession for 20 years, he can prove only the specification, and cannot bring forward other evidence to sustain ownership. Plaintiff, however, asked leave to amend to conform to the evidence by inserting an allegation that plaintiff was the owner by right of appropriation of her grantors. This leave was denied. In view of the subsequent findings of the court the reason for this denial must have been that the amendment was unnecessary. If it was unnecessary, the complaint was good; if not, the amendment should have been allowed, and in either case the judgment should be affirmed.

Defendant objected that the amendment would state a new cause of action. Not so. There is but one cause of action stated here whatever be the source of title. There

is but one primary right, viz., the right to the use of the water, based on ownership; but one violation of that right, viz., deprivation of use.    Pom. R. & R. Rts., 2d Ed., §§ 2, 3, 454-457, 518-522.

As to the second point: The evidence tended to show long continued use, about 60 years, which went strongly to support the claim of original appropriation of the 15 inches by Hill and some evidence tending to show that he and plaintiff's father, one Wanamaker, helped construct the ditch or to extend it in consideration for a share, viz., the 15 inches aforesaid, in the appropriation.    We cannot say that this evidence was insufficient to support plaintiff's claim, especially since the court viewed the premises, a species of evidence which in the nature of things cannot be reproduced before us.

Judgment affirmed.

Mr. Justice Teller, sitting for Mr. Chief Justice Scott and Mr. Justice Whitford concur.