No. 11,567.

LACKEY *v.* KILLEY, COUNTY TREASURER.

Decided January 3, 1927.

Action in mandamus.   Judgment of dismissal.

*Reversed.* . .

1.   PLEADING—*Causes of Action.*  If there is but one primary right and one violation thereof, there is but one cause of action.

2.   TAXES AND TAXATION—*Sale to County—Assignment of Certificate of Purchase.*  Under the provisions of section 7422, C. L., concerning the sale of tax certificates of purchase by the county, a single tender by the purchaser is sufficient, even though the transaction covers several certificates, on several parcels of land, issued pursuant to sales in different years.

3.   *Assignment of Certificate of Purchase—Land Owner—Notice.* The rights of an owner of land which is sold for taxes, cannot be affected by an action in mandamus to compel the assignment of the certificate of purchase by the county, and there is no reason for giving him notice of such an assignment.

4.   *Tax Certificates—Speculation.*  One has the right to speculate in tax certificates if he complies with the law concerning their purchase and assignment.

*Error to the District Court of Pitkin County, Hon. John T. Shumate, Judge.*

Mr. JOHN F. MAIL, for plaintiff in error.

Mr. FRANK DELANEY, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

LACKEY brought mandamus against Killey as treasurer of Pitkin county to compel him to assign certain tax certificates pursuant to C. L. § 7422. A motion to compel the separation of causes of action was sustained. The plaintiff stood by his complaint which was thereupon dismissed and the cause comes here on error.

There had been tax sales to Pitkin county by its treasurer of eight several tracts of land for several years. The certificates numbered seventy and were held by the county. Lackey tendered to the treasurer the sum required by law, C. L. § 7422, for all the certificates, and demanded an assignment of them which the treasurer refused.

Other matters are discussed in the briefs, but the sole question for us is whether the motion to separate was properly sustained. That depends upon whether there was one primary right and one violation thereof or several primary rights or several violations thereof. *Gwillim v. Asher,* 71 Colo. 143, 204 Pac. 609; 1 Pom. Rems. and Rem. Rights, §§ 1, 2, and 3, 422-459, 518-522; *Farmers Highline Co. v. Webber,* 70 Colo. 348, 201 Pac. 555.

Whether there are several primary rights or but one depends upon the answer to a question of substantive law, namely: Has one a right to demand an assignment by the county of several certificates upon payment of a lump sum therefor or must he tender separate amounts and make separate demands? If he may do the former, then, having made his tender, he had one and but one primary right, namely, to receive all of the certificates for which tender had been properly made, and there was but one violation—that is the refusal so to assign—and therefore but one cause of action. But if it was necessary to demand each certificate separately upon separate tender therefor or to demand the certificates upon each several piece of property upon the proper tender therefor, or to demand certain certificates for separate years upon similar tender, then there was more than one pri-

mary right, and the motion to separate was properly granted.

The question for us then is whether a single tender and demand for several certificates on separate parcels of land issued pursuant to sales on different years is sufficient under said statute. We can see no substantial reason why one tender may not be made.

Of what advantage or benefit would it have been if Lackey had tendered seventy separate sums, in dollars and small change, and had said seventy times, ''I demand an assignment of'' such and such a certificate?

Section 7422 reads as follows: ''* * * Whenever any * * * parcel of land * * * shall be bid in by or for the county * * * at any tax sale * * * and a certificate of purchase shall be made to such county * * * therefor, the treasurer of such county * * * may sell, assign and deliver any such certificate to any person who shall desire to purchase the same upon payment to the treasurer of the amount for which such property was bid in * * * with interest and penalties * * * together with the sum of one dollar for making such assignment, also the taxes assessed thereon since the date of such sale. * * *''

The defendant in error claims that there must be a separate tender for the certificates upon each parcel of land, but why? He says because each parcel of land may have separate owners and that the separate owners ought to be made parties, and so the causes ought to be separated; but there is no occasion for making the owners parties; their rights cannot be affected by the action. There could be no reason for giving them notice of the assignment. It could and would be made without notice to them. Why, then, is there reason for notice to them of a suit to compel the assignment? The reason why there is no need of notice of the assignment is that the owner's interests are not affected by it, and so he has no right to object to it, and if his interests are not affected by the assignment itself and he has no right to

object to it, how can they be affected by a mandamus to compel it, and what right has he to object to that? Tax certificates are assigned constantly and passed from hand to hand, as every one knows, yet the rights of the land owner are the same whether they are held by one person or another. No one would think of making a mortgagor party to a suit to compel the fulfillment of a contract to assign the note and mortgage; they can be assigned without his consent, and the assignment therefore can be enforced without his consent.

If it be claimed that certificates for separate years should be separated in the action, we again ask why? It is no answer to say that various questions of law or fact will come up with reference to the certificates for different years; that is true in every action. Nor is it any answer to say that there might be different reasons for the consent or refusal of the treasurer to assign the different certificates or the certificates upon each parcel or the certificates for each year, because though the demand be for all, if there is valid ground for refusal of any he may refuse it and assign the remainder.

It is insinuated that the plaintiff in error is a speculator. The record does not show it, but if it did, if he pursues the law he has a right to speculate. Considerations of convenience and economy favor the single tender.

If we are right in what we have said, it is unnecessary to mention the other matters discussed in the briefs. Nothing herein is to be taken as a decision or expression of opinion as to the right of plaintiff to the writ.

The judgment is reversed with directions to overrule the motions to separate, and proceed with the cause.

MR. JUSTICE BURKE sitting for MR. CHIEF JUSTICE ALLEN.

MR. JUSTICE WHITFORD not participating.

MR. JUSTICE CAMPBELL dissents.